Argued April 13; affirmed April 27, 1943

# STATE *v.* COFFMAN
### (136 P. (2d) 687)

Before BAILEY, Chief Justice, and ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Glenn R. Jack,* of Oregon City (Butler & Jack, of Oregon City, on the brief), for appellant.

*Fred A. Miller,* District Attorney, of Oregon City (Stanley J. Mitchell, Deputy District Attorney, of Oregon City, on the brief), for respondent.

KELLY, J. On October 25, 1941, defendant was driving an automobile in a general easterly direction upon the road known as the Mt. Hood Loop Highway. A trailer was attached to his automobile and a small amount of wood was in the trailer. At a point about ten miles east of Sandy in Clackamas county, Oregon, defendant's automobile collided with a coupe automobile driven by a man named Clark. Mr. J. F. Cox was riding with Mr. Clark in the coupe. The injuries received by Mr. Cox resulted in his death on the day of the collision.

Defendant was indicted for negligent homicide by the grand jury of Clackamas county. The charging part of the indictment is a follows:

"The said Howard Airon Coffman, on the 25th day of October, A. D. 1941, in the County of Clackamas and State of Oregon, then and there being, and being then and there the driver and operator of a motor vehicle, to-wit: an automobile, upon a public highway, to-wit: Mt. Hood Loop Highway, in said county and state, did then and there unlawfully and feloniously operate and drive said motor vehicle in

a negligent manner, to-wit: by then and there operating and driving said motor vehicle upon the left half of said highway carelessly and with want of such attention to the nature and possible consequence of his acts or omissions as a prudent man ordinarily bestows in acting in his own concerns, and as a proximate result of injuries caused by the driving of such motor vehicle, as aforesaid, the death of J. F. Cox, a human being, ensued within one year thereafter, to-wit: on the 25th day of October, 1941, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.''

To this indictment the defendant interposed a general demurrer which was overruled. Prior to the offering of testimony at the time of the trial, defendant objected to the admission of any testimony upon the grounds specified in the demurrer. This objection was overruled.

Upon this appeal, defendant's first assignment of error challenges the sufficiency of the indictment.

The section of the statute upon which the indictment herein is based, is as follows:

''When the death of any person ensues within 1 year as the proximate result of injuries caused by the driving of any motor vehicle in a negligent manner, the person so operating such vehicle shall be guilty of negligent homicide, and upon conviction thereof shall be punished by imprisonment in the county jail for not more than 1 year, or in the state penitentiary for not more than 3 years, or by a fine of not to exceed twenty-five hundred dollars ($2,500), or by both such fine and imprisonment.'' Section 3, Chapter 439, Oregon Laws, 1941, p. 754.

It is argued that driving upon the left half of the highway is not driving in a negligent manner unless

there is other traffic thereon and that the presence of such traffic is not alleged. It is further argued that the indictment should have alleged that the proximate cause of the collision was the negligence of defendant or the indictment should have specified the acts of defendant's negligence which the state claims were such proximate cause.

■ This leads to a consideration of the purpose and office of an indictment. With reasonable certainty, an indictment should apprise the defendant of the nature of the accusation against him in order that he may be able to prepare for his defense; and, that he may plead the judgment of conviction or acquittal in bar of further proceedings.

The charging part of the indictment is sufficient if the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition and in such a manner as to enable a person of common understanding to know what is intended. Subdivision 6, section 26-714, O. C. L. A. Vol. 3, p. 308.

■ In the indictment in this case, the place and time of the alleged offense are stated. In plain and concise language without repetition, it is also charged that defendant at said time and place operated an autombile upon the left side of the highway in a negligent manner and as a proximate result of injuries caused by the driving of such motor vehicle as aforesaid, the death of J. F. Cox, a human being, ensued within one year thereafter. It is true that the indictment does not say that the defendant operated his car with defective brakes, or failed to sound any alarm, or maintain a proper lookout, or yield the right of way, or that he was driving while intoxicated. The gravamen of the offense

was the death of a human being within one year of defendant's negligent driving and as a result thereof. No one of common understanding could be misled with respect to the nature of the charge and, certainly, an acquittal or a conviction based upon such an indictment would be a bar to any subsequent criminal proceeding against defendant because of the death of Mr. Cox.

While it is not expressly alleged that other traffic was upon the highway by reason of which defendant's use of the wrong side thereof was negligent, the fatal injury of deceased, which is alleged, dissipates any inference that the highway was not being used by others than defendant at the time and place charged.

No error was committed in overruling defendant's demurrer to the indictment or in overruling defendant's objection to the introduction of any testimony.

Defendant requested the following instruction, which was refused:

"You are instructed that in this case there are two degrees of the crime. In other words, if you do not find the defendant guilty of homicide as I have defined it to you in this case, and that the evidence is insufficient to convict the defendant of said crime, you may find him guilty of reckless driving and if in your deliberations you find that the defendant was guilty of reckless driving as defined by the laws of the State of Oregon, you may return a verdict of 'guilty of reckless driving'."

The foregoing requested instruction is based upon the provisions of section 26-948, O. C. L. A., which are as follows:

"In all cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit such crime." Section 26-948, O. C. L. A., Vol. 3, p. 366.

■ In 1895, the Supreme Court of the United States considered the question here presented. Section 1035 of the Revised Statutes of the United States provided that—

"in all criminal causes the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offence so charged: provided, that such attempt be a separate offence."

We quote from the opinion in that case:

"To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offenses that might, under some circumstances, be included in the one so charged—there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular offense charged—is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury." *Sparf, et al. v. United States,* 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343.

The following are some of the cases which support the rule therein announced: *Clark v. State,* 169 Ark. 717, 276 S. W. 849; *Lamar v. State,* 153 Ga. 216, 111 S. E. 914; *Stevenson v. United States,* 162 U. S. 313, 16 S. Ct. 839, 46 L. Ed. 980; *Wallace v. United States,* 162 U. S. 466, 16 S. Ct. 859, 40 L. Ed. 1039; *Andersen v. United States,* 170 U. S. 481, 18 S. Ct. 689, 42 L. Ed. 1116; *Marcus v. United States,* 86 F. 2d 854, 859; *Aldridge v. United States,* 57 Fed. 2d 942; *Kinard v. United States,* 96 Fed. 2d 522; *People v. Sanchez,* 24 Cal. 17; *People v. Schleiman,* 197 N. Y. 383, 90 N. E.

950, 27 L. R. A. (N. S.) 1075, 18 Ann. Cas. 588; *People v. Smith*, 187 N. Y. S. 836; *State v. Merra, et al.*, 103 N. J. Law 361, 137 A. 575; *State v. Barbata*, 336 Mo. 362, 80 S. W. 2d 865.

The testimony of Mr. Clark, who was a business associate of Mr. Cox, to the effect that Mr. Cox was in good health before the collision in suit, is uncontradicted. Likewise the testimony of Dr. Platner is uncontradicted. This physician arrived at the scene of the collision while Mr. Cox was still in the automobile with which defendant's car collided. The description of deceased's injuries, as found by Dr. Platner, is as follows:

"Well, there was definite evidence of multiple fractures of the pelvis; definite evidence of injuries in the chest; broken ribs, and compression injury to the lung. The left collar bone was broken, the right elbow was fractured. Examination revealed that the pericardial sac or covering of the heart had been ruptured in two places, and the heart was outside of the pericardial sac. Both lungs were ruptured. I don't recall exactly which one was the most severe, but it doesn't matter. There was hemorrhage in the pelvis and hemorrhage about the heart, and hemorrhage in both pleural cavities; and a few minor lacerations to the scalp."

It is undisputed that Mr. Cox died approximately four hours after the accident occurred.

Upon being asked what, in his opinion, was the cause of the death of Mr. Cox, Dr. Platner testified:

"Well, rupture of the pericardium and hemorrhage in the pleural cavities, and injury to the lungs themselves from compression; the severe damage to the pelvis, fractures and hemorrhage in the pelvis, probably are the immediate causes of his death."

Thus it will be seen that the record in this case leaves no doubt that the death of Mr. Cox ensued as a result of the manner in which defendant operated his automobile.

The learned trial judge did not err in refusing the requested instruction.

■ Defendant's third and last assignment of error is based upon his contention that the sentence of not more than two years' imprisonment in the penitentiary is out of proportion with the facts, and is cruel and unusual under the constitution in view of the jury's recommendation of leniency. We cannot concur in this view.

Defendant cites *State v. Ross*, 55 Or. 450, 104 P. 596, 106 P. 1022, 42 L. R. A. (N. S.) 601. In that case, the imprisonment, in case the fine was not paid, would have extended for 790 years and the quality of mercy was not strained when this court held such a punishment to be cruel and unusual. In fact, it might also have said that it was impossible.

In the case at bar, the maximum punishment prescribed by the statute is three years' imprisonment in the penitentiary and a fine of $2,500. We are unable to give the mandatory effect claimed by defendant to the recommendation of the jury. The trial judge did not abuse his discretion in withholding greater leniency than that which the sentence reflects.

The judgment of the circuit court is affirmed.