Argued November 5, affirmed November 18, 1964

# STATE OF OREGON *v.* HAYNES
396 P. 2d 694

See also 235 Or. 486, 385 P. 2d 622.

*Nathan J. Ail,* Portland, argued the cause and filed a brief for appellant.

*Charles J. Merten,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

LUSK, J.

The defendant has appealed from a judgment of conviction of burglary not in a dwelling house.

■ Defendant assigns error to the court's denial of his motion for a mistrial. The defendant was apprehended in the burglarized building about 2:15 a.m., on January 12, 1962. A police officer who participated in the arrest testified that a few moments before he had been stationed at a window in a building a block away from the scene of the burglary. The witness was asked by the prosecutor: "What did you see that was unusual?" He answered: "A subject apparently tampering with a parking meter." The motion for mistrial was based on the ground that this testimony was improper evidence of another crime. The witness, in answer to a question by the court whether the person tampering with the parking meter was the defendant, answered in the negative and the court instructed the jury to ignore the testimony. The evidence was totally irrelevant to the issues in the case and the question

should not have been asked, but it is difficult to perceive how it could have prejudiced the defendant in view of the fact that, as the jury knew, the testimony did not relate in any way to the defendant. Denial of the motion was well within the court's discretionary power.

■■ The defendant moved for a directed verdict of acquittal on the ground that the state failed to prove that there was property in the building. Such proof is an element of the offense: ORS 164.240. The portion of the building in which the crime was committed was occupied by a pharmacist's shop. The shop was in business and the jury could reasonably have found that there was on hand in it a stock of merchandise.

■ Finally, it is urged that the court erred in refusing to give a requested instruction authorizing the jury to find that the defendant was guilty of trespass, which, it is said, is a lesser and included offense of burglary not in a dwelling. As mere trespass to real property is not a criminal offense in this state, the contention has no merit. ORS 164.410, cited by the defendant, is irrelevant.

Affirmed.