Argued February 22, affirmed March 30, petition for rehearing denied April 25, petition for review denied June 20, 1972

STATE OF OREGON, *Respondent, v.* DEWEY LEE BROWN (No. 71-330-C), *Appellant.*

495 P2d 304

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

138

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted by jury of second degree arson and was sentenced to five years' probation. He appeals, asserting that the court erred in denying his motion to suppress his confession.

A brief statement of facts is necessary to an understanding of defendant's assignment of error. Lt. Benninghoff of the Oregon State Police Arson Division was investigating a fire which had occurred at the Don Stathos Insurance Agency in Medford, Oregon. During that investigation Benninghoff learned that a participant at a group therapy session said that he had followed a man to the scene of the fire. Lt. Benninghoff and Detective Stedman, of the Medford Police Department, following this information, were ultimately able to identify the defendant as the speaker at the therapy session. They contacted defendant at the residence of defendant's girl friend and defendant agreed to go with them to the state police office in Medford. At the police office the officers attempted to learn as much as possible about the individual defendant stated he had seen at the fire. As the interview progressed, the officers became convinced that the defendant was not telling the truth. They had been tape-recording the interview and they stopped the tape recorder and advised the defendant of his rights. They used the procedure prescribed by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). The defendant then admitted that he had set the fire. The recording of the

interview was resumed and both the admonitions and the confession were repeated on tape.

The trial court found defendant's confession to be voluntary and that he was effectively advised of his rights at the proper time. The defendant's argument on appeal is that the confession was inadmissible as a matter of law because of the questioning of the defendant prior to the giving of the *Miranda* warning.

*Miranda v. Arizona,* supra, requires that the warning be given where pretrial statements offered against a defendant result from custodial interrogation by the police. The Court there stated:

> "The principles announced today deal with the protection which must be given to the privilege against self-incrimination when the individual is first subjected to police interrogation *while in custody at the station* or *otherwise deprived of his freedom of action in any significant way.* * * *."
> (Emphasis supplied.) 384 US at 477.

At the time defendant went with the officers to the state police office he was not in custody. The question, then, is whether he was deprived of his freedom of action in any significant way during the questioning which preceded the warnings which were given. There is evidence in the record to support the trial judge's finding that at the time the questioning began defendant was not suspected of complicity in the burning of the insurance office; that it was only as the defendant's story unfolded that the officers began to suspect it was not entirely true; and that when he became a focal suspect the *Miranda* warning was given.

The questioning in the present case was under circumstances dissimilar to those described in *Miranda*

and *Orozco v. Texas,* 394 US 324, 89 S Ct 1095, 22 L Ed 2d 311 (1969). In the latter case the Court held that an interrogation was custodial where the defendant was questioned at his apartment after he had been placed under arrest. Here defendant was not in custody. Although he was interviewed at the police station, he was interviewed as a witness and not as a suspect. The officers were not required to give *Miranda* warnings prior to questioning the defendant when he was neither a suspect in the crime nor a person who was deprived of his freedom in any significant way. There was ample evidence to support the circuit court's finding that the confession was voluntary and that the defendant was effectively advised of his rights at the proper time. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Affirmed.