Argued May 8, reversed and remanded May 21, 1973

STATE OF OREGON, *Respondent, v.* STEVEN
RICHARD BOUCHER (No. 72-533-C),
*Appellant.*

509 P2d 1228

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Robert F. Webber,* Deputy District Attorney,

Grants Pass, argued the cause for respondent. With him on the brief was Robert M. Burrows, District Attorney, Grants Pass.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant was convicted by a jury and sentenced for the crime of robbery in the first degree (ORS 164.415) and appeals.

Two men, LaValley and Lantz, held up a store in Grants Pass on August 7, 1972. LaValley was armed with a revolver. Later, defendant made a tape-recorded confession after his arrest. In the confession defendant admitted giving LaValley and Lantz information about the store, knowing they intended to use the information in robbing the store and that they would make it "worth your while" if he helped them. Defendant also confessed to meeting LaValley and Lantz at a house on the Rogue River Highway shortly after the robbery and to receiving $20 as his share of the proceeds. He stated he then returned directly to his home.

The store and defendant's home were in Josephine County and the house on the Rogue River Highway was in Jackson County.

Defendant was questioned by police on August 10, 1972 and denied having a part in the robbery. He was arrested on August 11, 1972. On August 12, 1972 he gave the above confession after being informed of his *Miranda*[①] rights and waiving them.

*In camera,* defendant testified that while he was

---

[①] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

being taken to the police station on August 11, 1972 one of the police officers told him that LaValley had just killed someone during a robbery in California and that there was now a murder involved.

Defendant testified that while being held in the jail he heard a report of the murder on the radio, and that the officers who took his statement told him that "* * * robbery is a lot less than murder * * *" and "* * * everything would be a lot easier" if he cooperated although they "* * * 'can't promise you anything' * * *."

Defendant makes three assignments of error. (1). The trial court erred in ruling his confession voluntary and admissible. (2). The state failed to corroborate the confession sufficiently pursuant to ORS 136.540 (1). (3). The trial court erred in refusing to give a requested instruction to the jury on the lesser included offense of theft by receiving.

■ (1). Defendant claims that his confession was involuntary because of the psychological coercion exerted by the police in telling him of the killing committed by LaValley and implying that defendant might be involved.

The trial court made a finding of fact that the confession was voluntary. This finding was supported by the fact the defendant had waived his *Miranda* rights, had not been physically coerced or mistreated, had stated his confession was voluntary and further had stated that no threats or promises had been made to him.

Even if defendant's confession was partially motivated by the knowledge that LaValley had killed someone and he was possibly involved in a murder, given the evidence of voluntariness existing in the record,

the finding of voluntariness made by the trial court was not erroneous. *See Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968); *State v. Brown,* 9 Or App 137, 495 P2d 304, Sup Ct *review denied* (1972); *State v. Keiper,* 8 Or App 354, 359, 493 P2d 750, Sup Ct *review denied* (1972).

■ (2). Defendant contends that the evidence presented failed to corroborate his confession by showing that he was involved in the commission of this crime. ORS 136.540 (1) states:

"* * * [N]or is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

The evidence firmly established that the crime of armed robbery had been committed. The contention that the evidence other than the confession must show that the defendant was involved in the crime was rejected in *State v. Keller,* 240 Or 442, 451-52, 402 P2d 521 (1965).

■ (3). Where the evidence would support a conviction on a lesser included offense the trial court must give an instruction on such a charge to the jury when requested. *See State of Oregon v. Nodine,* 198 Or 679, 688, 259 P2d 1056 (1953); *State v. Wilson,* 182 Or 681, 684, 189 P2d 403 (1948); *State v. Blocher,* 10 Or App 357, 499 P2d 1346, Sup Ct *review denied* (1972). Defendant made such a request here. The evidence was that after the robbery defendant received the stolen $20 in Jackson County and returned to his home in Josephine County.

ORS 164.415 (1) (a) provides:

"A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:
"(a) Is armed with a deadly weapon * * *."

ORS 164.395 (1) provides:

"A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he * * *."

ORS 164.095 (1) provides:

"A person commits theft by receiving if he receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft."

ORS 164.015 (1) and (5) provide:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"* * * * *

"(5) Commits theft by receiving as provided in ORS 164.095."

■ Since "theft by receiving" is the same crime as "theft," *State v. Jim/White,* 13 Or App 201, 219, 508 P2d 462, Sup Ct *review denied* (1973), it must be considered as a lesser included offense to the crime of first degree robbery.

The state gives two reasons why the refusal to give the requested instruction was not erroneous.

■ (a). The only evidence of the lesser included offense was contained in defendant's confession and there was no other evidence to corroborate the commission of the crime of theft by receiving. This contention fails for the same reason defendant's argument in No. 2 above fails: The evidence shows that the crime of theft was committed and the state need not show that the defendant be identified with the criminal agency. *State v. Keller,* supra.

(b). The defendant received the $20 in Jackson County and since the trial was in Josephine County the court could not instruct the jury on a crime committed in another county as the proper venue for that crime would be in Jackson County. This is the argument which was successfully made to the trial judge.

The argument which succeeded did not inform the court of all of the applicable statutes.

ORS 131.310 provides:

"Except as in ORS 131.210 to 131.240 and 131.310 to 131.470 otherwise provided, all criminal actions must be commenced and tried in the county where the crime was committed."

ORS 131.340 provides:

"When a crime is committed partly in one county and partly in another or * * * in two or more counties, an action therefor may be commenced and tried in any of such counties."

ORS 131.350 provides:

"When property feloniously taken in one county by burglary, robbery or theft is brought into another county, an action for such crime may be commenced and tried in either county * * *."

Under the circumstances at bar the crime charged was triable in either county. It is incorrect to say that the state by electing which county the case is tried in can control whether or not the jury shall receive an instruction on a lesser included offense.

The refusal to give the requested instruction on the lesser included offense of theft by receiving was erroneous. Defendant's other assignments of error are without merit.

Reversed and remanded.