Argued August 23, affirmed September 14, petition for rehearing
denied October 18, 1973, petition for review
allowed January 3, 1974

# STATE OF OREGON, *Respondent, v.*
# LEROY ATKINS (No. 29103),
## *Appellant.*
### 513 P2d 1191

*John K. Hoover,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

Defendant appeals from conviction of second degree burglary. ORS 164.215.[1] He contends the trial court erred in refusing to give a requested instruction to the jury on second degree criminal trespass, ORS 164.245,[2] as a lesser included offense.

Cogent reasons support a belief that criminal trespass is to be considered a lesser included offense to burglary under the Oregon Criminal Code of 1971. Prior to that code, trespass was not a lesser included offense to a charge of burglary. *State v. Haynes,* 239 Or 132, 134, 396 P2d 694 (1964). We find it unnecessary to decide the question in this case in view of our ultimate determination of the second question presented; however, our above observation is based upon the language of the present statutes as well as the Commentary contained in the Proposed Oregon Criminal Code,

---

[1] ORS 164.215 (1) provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

[2] ORS 164.245 (1) provides:

"A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

Final Draft and Report 146, 147, § 140 (July 1970) of the Criminal Law Revision Commission.

The second question is whether, assuming that second degree criminal trespass (ORS 164.245) is a lesser included offense to second degree burglary, the court erred in refusing to give the requested instruction, as it would be required to do upon request. *See State v. Boucher,* 13 Or App 339, 343, 509 P2d 1228 (1973).

The key question really is whether the evidence would support a conviction on the lesser included offense. The state's evidence supported the inference that about 750 pounds of copper wire had been stolen from the warehouse of the City Water and Light Department in McMinnville sometime between quitting time on September 21 and 7:30 a.m. on September 22, 1972. Overwhelming direct and circumstantial evidence produced by the state pointed to the defendant as one of two thieves seen taking the wire during that night.

Defendant was arrested the same night by a police officer in Newberg, several miles distant from McMinnville. The officer smelled liquor on defendant's breath but did not arrest him on a driving-under-the-influence-of-liquor charge because he judged from defendant's speech and mannerisms that he was not intoxicated. The officer saw wire piled on the back seat of the car defendant was driving. Evidence showed this car answered the detailed description of the burglary car described by the witness to the burglary. Defendant said that the wire was his, showed the officer that the trunk was also full of wire, said that the wire had been given to him by a former employer and that it had been in the car for a week. The officer was suspicious be-

cause defendant's boots were muddy. The officer arrested defendant for driving without a license (which he did not have) and the car was impounded. The next day employes of the McMinnville City Water and Light Department identified the wire in the car as being the wire taken from the warehouse.

Defendant testified that he had been drinking heavily and that he had no recollection where he had been on the night of September 21-22. He said that he had slept part of the night in the car and that he had only been driving since he and his companion left taverns they had been in for some 75 minutes near Newberg when the officer stopped them. Defendant stated he had no recollection of being in McMinnville on the evening in question or of committing the burglary at the warehouse.

Defendant contends his testimony as to his intoxication, if it were believed by the jury, would negate the crime of burglary because defendant would not have been capable of forming the intent to commit a crime when he entered the building. Thus, he contends, he would be guilty of criminal trespass if the jury found he entered the warehouse when he was so intoxicated that he had no intent to steal.

■■ This argument is illogical. The defendant testified that he was in a tavern at the time the state's evidence sought to show he was stealing the wire. If the jury believed him it would be required to acquit him of either burglary or criminal trespass. *Cf. State v. Oliver,* 13 Or App 324, 330, 509 P2d 41, Sup Ct *review denied* (1973) :

> "Defendant denied committing the murders. This line of defense is mutually exclusive with a claim that he committed the acts while so intoxicated that he could not form a specific intent * * *."

Every criminal offense, with certain exceptions not relevant here, includes a culpable mental state as to each material element. ORS 161.115 (2). Defendant's testimony that he was so intoxicated that he did not remember what he did, if believed by the jury, would negate not only the specific intent of committing a crime in the building but it would also negate the minimum culpable mental state required for a conviction for unlawfully entering the warehouse. Where defendant's defense would be a defense to all lesser included charges as well as the principal crime charged, the trial court need not instruct on the lesser included offense for this reason alone. *Cf. State v. O'Berry,* 11 Or App 552, 556, 503 P2d 505 (1972), Sup Ct *review denied* (1973). There was no evidence that would support a finding that defendant had knowingly entered the warehouse with no intent to commit a crime therein.

There was no reason for the trial court to give the requested instruction.

Affirmed.