Argued November 19, affirmed as modified December 24, 1973, reconsideration denied January 30, petition for review allowed February 20, 1974

STATE OF OREGON, *Respondent, v.* DENNIS RALPH WILLIAMS (No. 72-3786), *Appellant.*
517 P2d 311

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Defendant was convicted of the crimes of first degree burglary, ORS 164.225, and second degree robbery, ORS 164.405. He appeals.

Although separately tried, this case is a companion case to *State v. Stoneberg,* 15 Or App 601, 517 P2d 333 (1973). The facts surrounding this matter are set out in that opinion, including this defendant's direct involvement therein. We will not repeat them here.

Defendant first challenges the admission into evidence of certain admissions made by him to an FBI agent who interrogated him in the jail at Seattle, Washington, several months after the crimes here in-

volved. No claim is made of any violation of defendant's *Miranda* rights nor that the admissions were the result of any fraud, duress or other allegedly improper police activity. The matters reported by the officer all related to the crimes charged here and the circumstances immediately surrounding their commission. The testimony was clearly admissible. The assignments of error relating thereto are without merit.

As in *Stoneberg,* defendant challenges the failure to submit certain lesser included offenses to the jury. ORS 136.660 states:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime."

In addition to the authorities cited and the discussion contained in *State v. Stoneberg,* supra, we point out that in applying ORS 136.660 to the present facts, we find helpful the interpretation given the very similar federal "necessarily included" provision. Rule 31 (c) of the Federal Rules of Criminal Procedure.[1]

In *Sansone v. United States,* 380 US 343, 351, 85 S Ct 1004, 13 L Ed 2d 882 (1965), the court said that a lesser offense charge is proper only where "* * * on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of * * * [the greater offense] have not been proved, all the elements of * * * [such lesser offense have been proved]."

---

[1] Federal Rules of Criminal Procedure, 31 (c) states:

"The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

It is stated in *Driscoll v. United States,* 356 F2d 324, 327-28 (1st Cir 1966), *vacated on other grounds* 390 US 202, 88 S Ct 899, 19 L Ed 2d 1034 (1968):

> "We take *Sansone* to mean that when the government has made out a compelling case, uncontroverted on the evidence, on an element required for the charged offense but not for the lesser-included offense, there is a duty on defendant to come forward with some evidence on that issue if he wishes to have the benefit of a lesser-included offense charge. To put it another way, while a judge cannot prevent a jury from rejecting the prosecution's entire case, he is not obligated, under these circumstances, to assist a jury in coming to an irrational conclusion of partial acceptance and partial rejection of the prosecution's case by giving a lesser-included offense instruction. Two prerequisites seem vital: that there be no factual dispute and that *a finding contrary to the only evidence on the issue would be irrational.*" (Emphasis supplied.)

In *Driscoll,* the government presented direct evidence of the greater offense through three witnesses. The court stated:

> "\* \* \* The record before us discloses no efforts to impeach, contradict, or explain this testimony. All we have are the pleas of not guilty.

> "We do not think that these pleas, standing alone, create the contradiction in evidence required by *Sansone,* supra. It is true that, at the outset of the case, the pleas of not guilty created an ultimate issue as to willfulness to be resolved by the jury. It is also true that by their silence in the face of specific and direct evidence on the issue of willfulness, appellants did not forfeit their right to have the jury instructed that willfulness must be proven beyond a reasonable doubt. But we think it is equally true that by remaining mute in the face of such evidence and relying solely on their pleas of

not guilty, appellants did not create such a. 'disputed factual element' in the sense that entitled them to an instruction for a lesser-included offense. [Citations omitted.]" *See, United States v. Comer,* 421 F2d 1149, 1153-54, (DC Cir 1970), quoting the foregoing at length.

■ We conclude that here, as we held in *Stoneberg,* there were no disputed issues of fact warranting the submission of the requested lesser-included offenses to the jury.

In accord are our recent decisions in *State v. Stoneberg,* supra; *State v. Atkins,* 14 Or App 603, 513 P2d 1191 (1973), Sup Ct *review allowed* (1974). *See also, State v. Boucher,* 13 Or App 339, 509 P2d 1228 (1973); Annotation, What Constitutes Lesser Offenses Necessarily Included" in Offense Charged, Under Rule 31 (c) of Federal Rules of Criminal Procedure, 11 ALR Fed 173 (1972); Annotation, 58 ALR2d 808 (1958); *People v. Mussenden,* 308 NY 558, 127 NE2d 551 (1955).

The assignments relating to the failure to submit certain lesser-included offenses are without merit.

Finally, defendant asserts the court erred in not vacating the robbery conviction on the basis of the Woolard doctrine.[9]

Prior to imposition of sentence, defendant objected to being sentenced on both convictions, citing *State, v. Meyer,* 12 Or App 486, 507 P2d 824 (1973). The court ruled in defendant's favor and sentenced him solely on the burglary conviction. Defendant did not, however, move to vacate the robbery conviction. The state asserts the defendant is thus barred from raising the dual conviction objection.

---

[9] State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

██ ██ Although it is defendant's duty to properly move to vacate in the trial court, since defendant did properly object to being sentenced on both charges, we will consider the merits here. *State v. Webber,* 14 Or App 352, 513 P2d 496 (1973).

██ On the merits, the facts regarding this assignment are substantively analogous to those in *State v. Meyer,* supra. There we said at 492-93:

> "\* \* \* The state overlooks that *Woolard* prohibits both a second *conviction* and a second *sentence* in this case. An improper judgment of conviction is not necessarily moot just because defendant will remain incarcerated on a separate valid judgment of conviction. Whether defendant stands convicted of one or two felonies can have a variety of collateral consequences for him; for example in those states that do have habitual criminal laws. As we said in *State v. Farr,* supra:
>
> "'\* \* \* The error substantially affects defendant's status by placing one felony conviction against him which should not exist \* \* \*. 8 Or App at 82, n 1, 492 P2d at 307.' "

Accordingly, we remand for vacation of the second degree robbery conviction.

Affirmed as modified.