Argued April 16, reversed and remanded May 28, reconsideration
denied July 3, 1974, petition for review pending

## STATE OF OREGON, *Respondent, v.* ROBERT ANDREW TAYLOR (No. 73 0399), *Appellant.*

522 P2d 499

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

SCHWAB, C. J.

Defendant, indicted for first degree burglary, ORS 164.225, was convicted by a jury of second degree burglary, ORS 164.215. He appeals, assigning as error the failure of the court to give a requested instruction on the lesser included offense of second degree theft, ORS 164.045.

About 4 a.m. defendant was apprehended by the police in the laundry room of an apartment complex. He had coins in his possession that he had just removed from some coin-operated washing machines.

Defendant testified that he was passing through the city of Eugene when he saw the apartment complex and stopped, thinking he could do his laundry. He walked around the complex, discovered the laundry room, tried its closed door and found it to be unlocked. Defendant testified that he assumed that the laundry room was open to the public. He then returned to his car, obtained an awl, returned to the laundry room, and

was in the process of using the awl to remove coins from the machines when interrupted by the police.

Thus, defendant admitted committing the crime of second degree theft. His defense to the burglary charge was that his entry into the laundry room was not unlawful because that room was open to the public.

■ ORS 164.215 (1) provides: "A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.205 (3)(a) defines "enters or remains unlawfully" as: "To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public * * *." ORS 164.205 (4) defines "premises open to the public" as: "* * * premises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required."[1] Under these statutes, when a person enters or remains in an area that, at the time he enters or remains is "open to the public," the act of entering or remaining is not "unlawful" and cannot be the basis of a burglary charge.[2]

---

[1] Also possibly relevant, although not here relied upon by either party, would be ORS 161.015 (9), which provides:

" 'Public place' means a place to which the general public has access and includes, but is not limited to, hallways, lobbies and other parts of apartment houses and hotels not constituting rooms or apartments designed for actual residence, and highways, streets, schools, places of amusement, parks, playgrounds and premises used in connection with public passenger transportation."

[2] To the extent that State v. Keys, 244 Or 606, 419 P2d 943 (1966), decided when there was no statutory definition of "enters or remains unlawfully," is inconsistent, it has been superseded by the subsequent adoption of the above-discussed statutory definitions.

The question of when trial courts should give lesser included offense instructions has been a recurring problem. The Supreme Court has under advisement two cases involving this issue. *State v. Williams*, 16 Or App 48, 517 P2d 311 (1973), Sup Ct *review allowed* (1974); *State v. Atkins*, 14 Or App 603, 513 P2d 1191 (1973), Sup Ct *review allowed* (1974).

■ Under any possible rule, however, the defendant in this case was entitled to a lesser included offense instruction defining theft. Our approach in *Williams* was as follows: the trial court should make its own preliminary evaluation of the evidence and determine whether a jury—exercising its prerogative to believe some evidence, disbelieve other evidence and draw all reasonable inferences from the evidence—could rationally find the facts to be such that a defendant would be not guilty of a greater offense, but guilty of a lesser included offense. If so, requested lesser included offense instructions should be given. Applying that approach to this case, we conclude that the jury could have rationally found defendant not guilty of any degree of burglary because the laundry room was public, but guilty of theft according to his own testimony.

Evidence indicating that the laundry room was open to the public included the fact that it was not locked, that lights were shining outside the apartment building, and that there was no sign outside the laundry facility indicating that it was limited to private use. There was also contrary evidence: no signs or lights indicating the laundry was open to the public—or even that the room was a laundry, no lights on inside the laundry room, the early hour—3 to 4 a.m., and a sign inside the laundry room stating the hours were 7 a.m.

to 10 p.m.[9] Resolution of this conflicting evidence was properly for the jury. However, it would have been quite rational for the jury to conclude that this evidence failed to prove beyond a reasonable doubt that the laundry facility was not open to the public. Defendant's requested instruction on theft should have been given.

Reversed and remanded.

FORT, J., dissenting.

I agree with the majority that the defendant by his own testimony established that he committed the crime of second degree theft. I disagree with its conclusion that "[u]nder these statutes, when a person enters or remains in an area that, at the time he enters or remains is 'open to the public,' the act of entering or remaining is not 'unlawful' and cannot be the basis of a burglary charge." 17 Or App at 501.

I also disagree with its conclusion: "Under any possible rule, however, the defendant in this case was entitled to a lesser included offense instruction defining theft." (17 Or App at 502), for the reasons which follow.

At 4 a.m. defendant was apprehended by the police in a laundry room of a private apartment complex. The room contained a notice on the wall that it was open for use from 7 a.m. to 10 p.m.

Defendant took the stand in his own behalf and testified that the door to the laundry room was unlocked and that he assumed, therefore, it was open to

---

[9] A closer question would be presented concerning whether defendant "remained unlawfully" in the laundry room if the record indicated he saw the posted sign about the hours the room was open. The record is silent on this.

the public. He testified he was not a tenant and was just passing through the city of Eugene when he saw the building and stopped, thinking he could do his laundry. He then walked around inside the complex, discovered the laundry room and tried its closed door. He testified that after entering the room he returned to his car, obtained an awl and returned to the laundry room, although he brought no laundry with him from his car on either trip to the laundry room, with the intention of seeing if he could obtain money as he had insufficient change to operate the machine. He testified he was then arrested in the laundry room with the awl and the money he had removed from the coin boxes.

In his brief he states:

"By failing to instruct as to theft, the court prevented the possible determination by the jury that, *although a theft occurred,* no burglary occurred due to the fact that defendant reasonably believed the premises were open to the public. * * *" (Emphasis supplied.)

He does not contend that he did not commit theft, but urges that since he reasonably believed the premises were open to the public he was guilty only of theft.

ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

ORS 164.205 (3)(a) provides:

"(3) 'Enter or remain unlawfully' means:

"(a) To enter or remain in or upon premises when the premises, at the time of such entry or re-

maining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so * * *."

Defendant claims no "license or privilege" to enter the premises independent of his contention that the laundry room was open to the public.

Defendant testified that his second entry into the room after returning to his car to get the awl was for the purpose of getting the coins from the coin boxes. Thus it is clear from his own testimony that at the time of and immediately prior to both his second entry into the laundry room and his remaining upon the premises thereafter, he had the specific intent to steal money from the coin boxes.[1]

---

[1] On direct examination by his own attorney, defendant stated:

"A * * * But I didn't have any change. I proceeded to take out an awl that is in evidence. I took it out.

"Q That's the awl that was introduced in evidence you say?

"A Yes. The awl that was introduced into evidence. I was thinking that I could open the box that was containing the coins to use the money for doing the laundry. And I didn't know if I could or not. * * *

"* * * * *

"A * * * So I took the awl, walked back to the laundry. Down the alley and into the laundry room and attempted to see if I could get my money out of the box to have the money for doing laundry and then is when the police officers walked in.

"* * * * *

"Q Now, by putting yourself up on the stand here today and testifying to your conduct do you understand that you have admitted to taking the money out of the boxes? Voluntarily?

"A Yes, I do. I have admitted to taking the money out of the boxes, yes.

"Q Did you know that was a crime?

"A I did not know that it constituted a felony.

Defendant admits both that he in fact did so and had both the stolen money and the awl in his hands when the police came upon the scene. It is to be noted that we are not here dealing with a case as in *State v. Williams,* 16 Or App 48, 517 P2d 311 (1973), Sup Ct *review allowed* (1974), where a defendant has simply entered a plea of not guilty or has not by his own testimony admitted all the facts necessary to establish the crime of which he has been convicted, including the requisite intent.

The Oregon Criminal Law Revision Commission in the Commentary to Section 135 (3), subsequently enacted as ORS 164.205 (3) with a minor wording change not here relevant, states:

" 'Enter or remain unlawfully.' This is another definition from New York Revised Penal Law § 140.00. As applied to the burglary sections, the concept of one committing the crime by 'remaining unlawfully' represents a departure from the traditional notion that burglary requires a 'breaking and entering' or an 'unlawful entry' (ORS 164.220). However, ORS 164.250 punishes as burglary the act of 'breaking out' of a dwelling house after having committed or attempted to commit a crime therein, but prescribes a maximum penalty of three years imprisonment as compared to 15 years for burglary in a dwelling and 10 years for burglary not in a dwelling. *Under the proposed definition an initial lawful entry followed by an unlawful remaining would constitute burglary if accompanied by an intent to commit a crime * * *.*" (Emphasis supplied.) Proposed Oregon Criminal Code 143-44, Art 15, § 135 (3) (1970).

---

"Q That's not my question. Did you know that taking the money was a crime?

"A Well, I was going to be putting it back in doing my laundry. But I guess, yes, technically I would be committing a crime for using of that box for intent not paying for them."

Thus it is clear that regardless of whether the laundry room be considered to be a place open to the public at the time in question, or even whether defendant's first or second entry be considered to be an initial lawful entry, by his own testimony his remaining there was pursuant to and "accompanied by an intent to commit a crime"—namely, theft of property. ORS 164.015 (1). *State v. Keys,* 244 Or 606, 419 P2d 943 (1966).

In *Williams* we said:

"It is stated in *Driscoll v. United States,* 356 F2d 324, 327-28 (1st Cir 1966), *vacated on other grounds* 390 US 202, 88 S Ct 899, 19 L Ed 2d 1034 (1968):

" 'We take *Sansome* to mean that when the government has made out a compelling case, uncontroverted on the evidence, on an element required for the charged offense but not for the lesser-included offense, there is a duty on defendant to come forward with some evidence on that issue if he wishes to have the benefit of a lesser-included offense charge. To put it another way, while a judge cannot prevent a jury from rejecting the prosecution's entire case, he is not obligated, under these circumstances, to assist a jury in coming to an irrational conclusion of partial acceptance and partial rejection of the prosecution's case by giving a lesser-included offense instruction. Two prerequisites seem vital: that there be no factual dispute and that *a finding contrary to the only evidence on the issue would be irrational.'* (Emphasis supplied.)" 16 Or App at 51.

Here, in my view, the defendant admitted under oath at the trial all the facts necessary to establish his guilt of second degree burglary. The jury convicted him. The evidence of guilt was overwhelming. I con-

clude that it was not error for the court in the face of defendant's own direct admissions on the stand to refuse to instruct on the lesser included offense of theft.