Argued April 3, affirmed October 3, petition for
rehearing denied October 22, 1974

## STATE OF OREGON, *Respondent, v.* DENNIS RALPH WILLIAMS, *Petitioner.*

526 P2d 1384

*Robert C. Cannon,* Deputy Public Defender, Sa-

lem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

HOWELL, J.

The defendant was indicted for burglary in the first degree and robbery in the first degree. He was convicted of burglary in the first degree and robbery in the second degree. The conviction was affirmed by the Court of Appeals, 16 Or App 48, 517 P2d 311 (1973). We granted review to consider the question of whether the trial court must instruct the jury on all lesser included offenses whenever requested to do so by the defendant.

At the close of the trial,[1] defendant requested the court to instruct the jury with respect to the crime of criminal trespass (ORS 164.255) as a lesser included offense within the crime of burglary (ORS 164.225).[2] The trial court refused to give the instruction on criminal trespass, and on appeal the Court of Appeals sustained this action.

---

[1] A detailed statement of the facts underlying the prosecution of the charge can be found in the companion case of State v. Stoneberg, 15 Or App 444, 517 P2d 333 (1973). However, in *Stoneberg*, the defense introduced some evidence that the burglary had been committed as a prank. No such evidence was introduced in the trial of this case.

[2] The parties agree that under the Oregon Criminal Code criminal trespass is a lesser included offense embraced within the crime of burglary.

ORS 136.660, relating to lesser included offenses, states:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime."[9]

The Court of Appeals held that the trial court is not required to instruct on lesser included offenses where there are no disputed issues of fact which warrant the submission of the lesser included offenses to the jury.

The rule that the trial judge must instruct on lesser included offenses only when justified by the evidence or inferences to be drawn from the evidence is followed by the majority of state and federal courts. 54 Mich L R 707 (1956). The rule has been followed in Oregon in several previous decisions. *State v. Stoneberg*, 15 Or App 444, 517 P2d 333 (1973); *State v. Atkins*, 14 Or App 603, 513 P2d 1191 (1973); *State v. Boucher*, 13 Or App 339, 509 P2d 1228 (1972).

The United States Supreme Court on several occasions has rejected any requirement that a judge must instruct on all lesser included offenses if so requested.

In *Sparf and Hansen v. United States*, 156 US 51, 15 S Ct 273, 39 L Ed 343 (1895), the court refused to reverse a criminal conviction for failure to give an instruction on a lesser included offense. The court stated:

"* * * A verdict of guilty of an offence less

---

[9] Rule 31 (c) of the Federal Rules of Criminal Procedure states:

"Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

than the one charged would have been in flagrant disregard of all the proof, and in violation by the jury of their obligation to render a true verdict. There was an entire absence of evidence upon which to rest a verdict of guilty of manslaughter or of simple assault. * * *" 156 US at 63-64.

In *Sansone v. United States,* 380 US 343, 351, 85 S Ct 1004, 13 L Ed 2d 882 (1965), the United States Supreme Court held that a lesser included offense instruction is only proper where there is a "disputed factual element." The defendant is entitled to an instruction on lesser included offenses only if "there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of * * * [the greater offense] have not been proved, all the elements of one or more lesser offenses have been, * * *."

The federal circuit court in *Driscoll v. United States,* 356 F2d 324, 327-28 (1st Cir 1966), *vacated on other grounds,* 390 US 202, 88 S Ct 899, 19 L Ed 2d 1034 (1968), interpreted *Sansone* as follows:

"We take Sansone to mean that when the government has made out a compelling case, *uncontroverted on the evidence,* on an element required for the charged offense but not for the lesser-included offense, there is a duty on defendant to come forward with some evidence on that issue if he wishes to have the benefit of a lesser-included offense charge. To put it another way, while a judge cannot prevent a jury from rejecting the prosecution's entire case, he is not obligated, under these circumstances, to assist a jury in coming to an irrational conclusion of partial acceptance and partial rejection of the prosecution's case by giving a lesser-included offense instruction. Two prerequisites seem vital: that *there be no factual dispute and*

*that a finding contrary to the only evidence on the issue would be irrational."* (Emphasis supplied.)

In *Driscoll,* the government presented direct evidence of the greater offense through three witnesses. The court stated:

"* * * The record before us discloses no efforts to impeach, contradict, or explain this testimony. All we have are the pleas of not guilty.

"We do not think that these pleas, standing alone, create the contradiction in evidence required by Sansone, supra. It is true that, at the outset of the case, the pleas of not guilty created an ultimate issue as to willfulness to be resolved by the jury. It is also true that by their silence in the face of specific and direct evidence on the issue of willfulness, appellants did not forfeit their right to have the jury instructed that willfulness must be proven beyond a reasonable doubt. But we think it is equally true that by remaining mute in the face of such evidence and relying solely on their pleas of not guilty, appellants did not create such a 'disputed factual element' in the sense that entitled them to an instruction for a lesser-included offense. [Citations omitted.]" 356 F2d at 327-328.

The state of Iowa has a statute almost identical to ORS 136.660. In *State v. Merrill,* 242 Iowa 1156, 49 NW2d 547 (1951), the Iowa Supreme Court held their statute to mean that before an instruction on lesser included offenses is required, it must be justified by the evidence. Quoting from another Iowa case, *State v. Ockij,* 165 Iowa 237, 145 NW 486 (1914), the court stated:

" 'The jury ought not to be allowed to speculate upon a supposed state of facts, of which there is no evidence, in order that they may reduce a serious crime to a trifling misdemeanor. To say that a man may use a deadly weapon and inflict a wound such [as is described here], * * *, and that he may be

convicted of a simple assault or assault and battery, would be to make a mockery of the penal statutes and of the enforcement of the law.'" 49 NW2d at 549.

■ The argument is made that a jury in a criminal case is entitled to accept in part and to reject in part the state's evidence. The same argument was made to and rejected by the courts in *Kennedy v. Coyle,* 352 F2d 867 (7th Cir 1965); *United States v. Markis,* 352 F2d 860 (2d Cir 1965); *Driscoll v. United States,* supra; and *State v. Hicks,* 241 NC 156, 84 SE2d 545 (1954). While there is nothing to prevent a jury, as the trier of facts, from rejecting the prosecution's case in full and finding the defendant not guilty, this does not justify instructions on unsupported lesser included offenses. "The lesser-included offense charge is not required simply because the jury could exercise its power of acquitting on the greater charge for no reason at all * * *. There must be a rational basis for its doing so." *United States v. Markis,* supra at 867.

The dissenting opinion in the instant case suggests that the efficient administration of trials in criminal cases would be enhanced if the trial court automatically instructed on all lesser included offenses because it would be less time consuming than the "judicial time involved in making the decision to grant or refuse requested instructions" on lesser included offenses. We believe the contrary would be true. If the dissenting opinion were adopted, it would mean a trial judge must instruct on all included offenses — and they could be numerous — even though the evidence of the greater offense was uncontroverted and not capable of any inference which could reduce the greater offense.

However, the problem does not focus on the judicial administration of the trial of criminal cases. The question here presented is the same as in all cases, civil or criminal — is there evidence, or possible inferences to be drawn from the evidence, sufficient to require submission of the charge to the jury? If the evidence is insufficient, then the court does not submit the charge to the jury for its consideration. The same rule of evidence should apply when the trial court is instructing the jury on lesser included offenses.

■ We agree with the decision of the Court of Appeals that a trial judge is not required to instruct on lesser included offenses where there are no disputed issues of fact which warrant the submission of the lesser included offenses to the jury.

Affirmed.

O'CONNELL, C. J., dissenting.

The rule stated by the majority has been adopted by almost all of the courts in the United States, including Oregon.[1] A contrary view is expressed in *Brown v. State*, 206 So2d 377, 382 (Fla 1968), where the Florida court interpreted its statute[2] to require

---

[1] *See generally,* Annotation: Effect of Failure or Refusal of Court, in Robbery Prosecution, to Instruct on Assault and Battery, 58 ALR2d 808; State v. Nodine, 198 Or 679, 259 P2d 1056 (1953); State v. Wilson, 182 Or 681, 189 P2d 403 (1948); State v. Coffman, 171 Or 166, 136 P2d 687 (1943); State v. Stoneberg, — Or App —, 517 P2d 333 (1973); State v. Atkins, 14 Or App 603, 513 P2d 1191 (1973); State v. Boucher, 13 Or App 339, 509 P2d 1228 (1973); State v. Blocher, 10 Or App 357, 499 P2d 1346 (1972).

[2] "Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard." Fla. Stat. § 919.16 (1965), F.S.A.

the court to instruct on the lesser-included offense "even though the proofs might satisfy the trial judge that the more serious offense was committed."

The majority view is predicated on the idea that in its role as finder of fact the jury has the duty to act rationally on the evidence presented. If a rational examination of the evidence points either to the defendant's guilt of the crime charged or else his innocence, an instruction on a lesser-included offense is seen as an improper invitation to the jury to engage in conjecture or compromise. The majority rule is best supported by those cases in which the defendant's entire defense is based on an alibi, a plea of insanity, or the statute of limitations. In these circumstances, if the state's evidence unequivocally establishes the defendant's commission of the crime charged, it is felt that although the jury might nevertheless choose to acquit the defendant, it could not rationally find him guilty of any crime other than that charged, since there would be no reasonable ground for the jury to find that some but not all of the elements of the crime charged had been proved.[9] Furthermore, from the standpoint of the prosecution, there is also the danger that if the instruction on a lesser-included offense is given in this situation, the jury, in order to ameliorate the punishment, will bring in a verdict of guilty on a lesser-included offense when the evidence would support a conviction of the greater offense. This, it has been noted, constitutes an invasion of the trial court's function of fixing the punishment in criminal cases.

---

[9] Note, however, that this view ascribes a significance to a verdict of not guilty inconsistent with the normal instructions given to the jury that it is to return a verdict of guilty only if it believes beyond a reasonable doubt that the state has proved *each* element of the offense charged.

It can also be argued as a matter of pure theory that the defendant, as opposed to the state, has no interest and consequently no right to demand a lesser-included offense instruction or to complain if a requested instruction is not given. Thus, it is argued that if the state has failed to establish an essential element of the crime charged, the defendant is entitled to be acquitted and has no interest in providing the jury with alternate grounds for conviction. If, on the other hand, the jury convicts the defendant of the offense charged, it must have found that the state had established each essential element of the greater crime, so that its decision would not have been affected by an instruction on a lesser-included offense.

The weakness of this argument is that it fails to account for the danger that a jury, certain that the defendant is guilty of some sort of criminal conduct but uncertain about the precise crime charged, may elect to bring in a verdict of guilty on that crime rather than to grant the defendant outright acquittal.

Further militating against the view restricting the circumstances in which a lesser-included offense instruction should be given is the fundamental proposition that the jury, as the trier of fact, is entitled to accept in part and reject in part the state's evidence. Starting from this premise, virtually all cases would permit a finding of a lesser-included offense, including those cases such as the example above in which the only defense is insanity, alibi, or the statute of limitations, and thus justify an instruction on lesser-included offenses in every case.

In light of these competing policies and interests, it has been suggested that the majority rule constitutes

a fair compromise. However, this does not take into account other factors relating to efficiency in judicial administration.

The majority rule requires the trial judge (and eventually the appellate courts) to determine in each case whether the evidence would permit the jury to conclude reasonably that some but not all of the elements of the crime charged had been proved. Where the proof of the elements of the crime rests upon objective data (for example, whether a tax return accurately reflects the accused's income as established by business records), the court's task of determining whether there is room for the jury to pick and choose among these elements and thus reasonably find the commission of a lesser-included offense may be relatively easy in most cases. Even in such cases, frequently the credibility of the witnesses must be taken into account in deciding whether the jury could reasonably find that less than all of the elements of the crime charged had been made out. Where the severity of the offense depends upon subjective matters, such as the intent with which the act was committed, the difficulties are accentuated because the court will frequently have little but intuition to employ in deciding whether the jury would have to accept or reject *all* of the elements of the crime charged.[4]

---

[4] Contrary to the fundamental assumption of the majority view, the jury might rationally believe part and reject part of the prosecution's evidence without engaging in either conjecture or compromise. For example, the state may show all the elements of an offense but that of intent through uncontroverted direct evidence, but present only the testimony of an unbelievable witness on the latter question. In such a case it would be perfectly rational for the jury to disbelieve such a witness and thus find the defendant guilty of a lesser-included offense with-

We must ask, then, whether the difficulties and the judicial time involved in making the decision to grant or refuse requested instructions under the majority rule is not too high a price to pay in the effort to achieve a balance of the interests of the accused and the state. The Florida rule under which the accused is entitled to a lesser-included offense instruction, without introducing independent evidence tending to prove the lesser crime, operates to eliminate a time consuming decision point. Moreover, it reduces the possibility that the jury will convict the accused of the crime charged without evidence to support the conviction simply to punish him for some wrongdoing rather than acquit him.

From the prosecution's standpoint, the Florida rule may serve to avoid certain problems arising out of multiple prosecutions. The reason underlying the majority rule would seem to apply equally in the case where the state requests an instruction on a lesser-included offense. If the jury were to bring back a verdict of acquittal on the crime charged, the state would then be faced with the defense of double jeopardy if a lesser-included offense was thereafter charged. This consideration was deemed important in *Brown v. State,* 206 So2d 377, 382-83, where the Florida Supreme Court

---

out the aid of any evidence from the defendant. See Note, 57 NW U L Rev 65, 66-68 (1962).

The majority rule apparently requires some counter evidence from the defendant to justify the lesser-included offense instruction. On questions of *mens rea* the most likely source of such evidence is the testimony of the defendant himself. Any defendant with a criminal record would thus be forced to choose between foregoing the desired instruction and placing his record before the jury. The result seems inconsistent with the defendant's right to stand mute, requiring the state to prove each element of the offense.

expressed the view that its rule "comports with logic, within the confines of our adversary system, because it enables the state to have adjudicated in one trial all aspects of a criminal charge arising out of one transaction," and that it also "protects a defendant against a 'splitting of accusations' with resultant multitudinous prosecutions and trials."

In my opinion, the possible disadvantages of the Florida rule do not justify the retention of the majority rule. With respect to the argument that the Florida rule permits the jury to usurp a part of the sentencing function of the court, I would say only that although criminal conduct is classified under the statutes into rigid categories, the degree of the defendant's culpability in the commission of a particular crime may vary from case to case so that criminal conduct in reality falls along a scale of infinite gradations, and thus the line between the principal offense and the lesser-included offense is not sharply drawn. I think that it is appropriate for the jury to determine the offense consistent with the degree of culpability as it sees fit.

I do not anticipate the adoption of the minority rule would materially increase the burden of the trial court in instructing the jury in criminal cases. In most cases the accused would not wish to have the jury instructed on a variety of lesser-included offenses, because by so doing the accused would provide the jury with a longer list of crimes upon which a verdict of guilty could be based.

For the foregoing reasons, I would adopt the

Florida rule and repudiate our previous position to the contrary.[9]

HOLMAN, J., dissenting.

In the present case the state's evidence was that defendant, a stranger to complainants, was found in complainants' home during the nighttime with a gun with which he menaced complainants while inquiring where the money and drugs were kept. He was subsequently arrested upon the premises by police who responded to a call by one of the complainants who had crawled out a window. Defendant did not testify before the jury.

By refusing to instruct the jury on criminal trespass as a lesser included offense of that of burglary, the trial court would not permit the jury to find that defendant was in the complainants' dwelling without authority but was not otherwise criminally involved, which is the definition of criminal trespass in the first degree. First degree burglary is defined as follows:

> ORS 164.225. "(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215[10] and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:
>
> (a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or
>
> (b) Causes or attempts to cause physical injury to any person; or

---

[9] State v. Nodine, 198 Or 679, 259 P2d 1056 (1953); State v. Wilson, 182 Or 681, 189 P2d 403 (1948).

[10] ORS 164.215. "(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"\* \* \* \* \*."

(c) Uses or threatens to use a dangerous weapon.

"* * * * *"

By refusing to give the requested instruction the trial judge was not giving the jury the option of disbelieving that part of complainants' testimony concerning defendant's possession and use of the gun and his demands upon them.

This is illogical to me. If the jury is obligated to believe either all of the complainants' testimony or none of it, defendant is forced to testify, whether he desires to do so or not, in order to be entitled to a lesser included instruction. It is the only place in the law, to my knowledge, where such an "all or nothing" situation exists. If ORS 136.660 is generally construed to entitle a defendant to the submission of lesser included crimes, I see no adequate basis for avoiding the consequences of the statute by changing the usual manner in which a jury may treat the believability of evidence submitted to it by requiring that there must be a dispute in the evidence before the jury has the option of disbelieving part of it.