[Filed January 3, 1888.]

## STATE OF OREGON, Respondent, *v.* CHARLES RYAN, Appellant.

CRIMINAL LAW— INDICTMENT. — A party indicted for the crime of burglary cannot be convicted of the crime of an assault with the intent to commit rape.

INDICTMENT— ASSAULT WITH THE INTENT TO COMMIT RAPE. — An indictment for the crime of burglary which charges that the defendant broke and entered the house with the intent to commit rape, and having so entered said house did then and there commit an assault upon one E. M. M., then lawfully in said house, did not charge an assault on E. M. M. with the intent to commit rape.

BURGLARY— NOT A CRIME CONSISTING OF DIFFERENT DEGREES. — Burglary is not a crime consisting of different degrees, like the various degrees of criminal homicide and the like ; nor is an assault with intent to commit rape one of the "degrees" of such crime.

INDICTMENT— EFFECT OF ALLEGATIONS THEREIN. — The allegations in said indictment, after the charge of breaking and entering, were inserted to show the unlawful intent with which such breaking and entering was done, and can perform no other office therein than to characterize the intent.

APPEAL from Linn County.   Reversed.

*W. R. Bilyeu,* for Appellant.

*George W. Belt,* District Attorney, for the State.

STRAHAN, J.— The defendant was indicted for the crime of burglary by the grand jury of Linn County, and was convicted of *an assault with the intent to commit rape,* and sentenced to imprisonment in the penitentiary for one year, from which judgment this appeal is taken.   The indictment is as follows:—

" In the Circuit Court of the State of Oregon, for the County of Linn.

" *The State of Oregon, Plaintiff,* v. *Charles Ryan, Defendant.*

" Charles Ryan is accused by the grand jury of the county of Linn, in the State of Oregon, by this indictment, of the crime of burglary, committed as follows: The said Charles Ryan, on the eighth day of November, A. D. 1887, in the county of Linn, and State of Oregon, then and there being, did then and there feloniously and burglariously break and enter in the night-time a dwelling-house, in which there was at that time a human being, namely, Ella M. Mack, with the intent to commit rape

therein, by forcibly breaking an outer door of said dwelling-house; and the said Charles Ryan, having so entered said dwelling-house with such intent, did then and there commit an assault upon Ella M. Mack, a person lawfully then in such house.    Contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated at Albany, in the county of Linn, and State of Oregon, the fifteenth day of November, A. D. 1887.

"GEO. W. BELT, District Attorney."

And the jury returned the following verdict:—

"*The State of Oregon* v. *Charles Ryan.*

"We, the jury in the above-entitled cause, find the defendant guilty *of assault with intent to commit rape.*

"Foreman, WILLIAM RALSTON."

Appellant's counsel has suggested and argued several objections presented by this record, which I will now consider.

It is claimed that the indictment being for the crime of burglary, the defendant cannot be convicted of any other offense; that this is not a case within section 1382 of Hill's Code, where an indictment is for a crime consisted of different degrees, and that the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime of any such inferior degree thereof.   Under our statute, burglary is not a crime consisting of different degrees.   It is wholly unlike the various degrees of criminal homicide, and the different degrees of criminality which may be involved in the single charge of an assault and the like.   This theory is so much at variance with every preconceived idea of criminal procedure that it requires no particular examination.   An assault with the intent to commit rape is not one of the degrees of burglary.   (*State* v. *Ridley,* 48 Iowa, 370.)

But the district attorney further claimed that this indictment contained a charge of two crimes, namely, burglary, and also an assault with the intent to commit rape, and the defendant having failed to move to set the indictment aside, or demur to it for

this reason, the objection was waived. But this theory is not supported by the record, nor is it admitted that this result would follow if it were. On the contrary, the indictment on its face purports to be for the crime of burglary, and all the other matter therein after the charge of breaking and entering is to show the unlawful intent with which the defendant broke and entered the house. It is set out with unnecessary prolixity, but it can perform no other office than to characterize the intent with which he broke and entered. But waiving these objections for a moment, and considering the facts alleged in this part of the indictment separately, they are wholly insufficient to constitute the crime of an assault with the intent to commit rape. The indictment charges that the defendant entered the house with the intent to commit rape therein, and having so entered said dwelling-house with such intent, did then and there commit an assault upon Ella M. Mack, a person lawfully therein. The essential facts necessary to constitute this crime are wholly wanting, and there appear no grounds whatever upon which this conviction can be sustained. In effect, this defendant has been convicted of a most outrageous crime, and is now confined in the penitentiary therefor, without any indictment having been preferred against him for that crime, or without having been put upon his trial therefor.

The judgment of the court below will therefore be reversed, and a new trial awarded.