No. 639, Misc. SPENCER v. CALIFORNIA. Supreme Court of California. Certiorari denied. Petitioner *pro se. Stanley Mosk,* Attorney General of California, *William E. James,* Assistant Attorney General, and *Gordon Ringer,* Deputy Attorney General, for respondent.

MR. JUSTICE GOLDBERG, dissenting from denial of certiorari.

Petitioner, an indigent defendant, was, after a jury trial, convicted of murder and sentenced to death. The California Supreme Court affirmed the conviction, 60 Cal. 2d 64, 383 P. 2d 134, and petitioner seeks a writ of certiorari.

Prior to the trial, petitioner entered pleas of not guilty and not guilty by reason of insanity. The court pursuant to California law thereupon appointed two psychiatrists "to examine the defendant and investigate his sanity." On the basis of their examinations and interviews, the psychiatrists filed a report "stating that in their opinion defendant was sane . . . at the time of the alleged commission of the crimes." At the start of the trial petitioner withdrew his plea of not guilty by reason of insanity. Nevertheless, during the guilt phase of the trial, which under California procedure is separate from the punishment phase, the State called one of the psychiatrists, who related incriminating statements "made by defendant in the course of the psychiatric examination."

Under § 1027 of the California Penal Code, whenever "a defendant pleads not guilty by reason of insanity the court must select and appoint two alienists . . . to examine the defendant and investigate his sanity." Even if the defendant subsequently withdraws his insanity plea, the psychiatrists "may be called" to testify concerning their interviews with the defendant. The defendant may not invoke any privilege to prevent disclosure of the

content of such interviews. On its face this provision applies equally to affluent as well as to indigent defendants, for any defendant, interposing a defense of insanity, is subject to interviews and examinations by state-hired psychiatrists who may later be called by the State to testify as witnesses against the defendant. However, the interaction of another California rule, namely, that any communication between a defendant and a privately hired psychiatrist is privileged, see, *e. g., Jones* v. *Superior Court,* 58 Cal. 2d 56, 61, 372 P. 2d 919, 922, and the California procedure under § 1027 creates a critical difference between the affluent defendant and the indigent defendant. An affluent defendant, before deciding to interpose an insanity defense, may seek the advice of a private psychiatrist and, if the defendant thereby determines that there is no basis for an insanity defense, any incriminating statements made in the course of the psychiatric examination are privileged and not admissible in evidence against the defendant. In contrast, an indigent defendant, unable to retain a private psychiatrist, must, in order to determine whether he has a basis for an insanity defense, submit to interviews with state-hired psychiatrists. If the indigent defendant then determines that there is no basis for such a defense, notwithstanding the withdrawal of that defense, any incriminating statements made in the interviews with the psychiatrists are not privileged and may be used against the defendant at his trial. An indigent defendant therefore is often in effect compelled to choose between foregoing an insanity defense and waiving his privilege against self-incrimination.

Petitioner contends that the operation of these laws effects an invidious discrimination between the affluent defendant who is able to retain a private psychiatrist and the indigent defendant who lacks funds to do so, in that the latter, but not the former, is required to surrender his constitutional privilege against self-incrimination as a

condition of ascertaining whether there is any basis for a plea of not guilty by reason of insanity.

I believe that petitioner's claim raises substantial and important questions under the Equal Protection and Due Process Clauses of the Constitution. See, *e. g., Griffin* v. *Illinois,* 351 U. S. 12; *Gideon* v. *Wainwright,* 372 U. S. 335; *Douglas* v. *California,* 372 U. S. 353; *Lane* v. *Brown,* 372 U. S. 477; *Draper* v. *Washington,* 372 U. S. 487. "Both equal protection and due process emphasize the central aim of our entire judicial system—all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.' " *Griffin* v. *Illinois, supra,* at 17. This Court should, in my view, grant the petition for a writ of certiorari to consider whether the California procedure for pleading not guilty by reason of insanity is consonant with this "central aim" of our Constitution. Accordingly, I respectfully dissent from the denial of the petition.