Argued March 18, affirmed May 7, petition for rehearing
denied June 2, 1970. Petition for review denied
by Supreme Court July 8, 1970

## STATE OF OREGON, *Respondent, v.*
## ALPHONSE D. MARTINKA, *Appellant.*

468 P2d 903

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant was convicted of burglary not in a dwelling (ORS 164.240) and appeals. He assigns as error: (1) the instruction that 10 or more of the jury could arrive at a verdict, and (2) an instruction on voluntary intoxication taken from ORS 136.400.

■ (1). This alleged error was disposed of adversely to defendant's contention in *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

(2). ORS 136.400 provides:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition; but whenever the actual existence of any particular motive, purpose or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that defendant was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

Defendant was apprehended in the burglarized building. The defense introduced evidence seeking to prove defendant was intoxicated at the time of the crime. The state introduced evidence to the contrary. The court instructed the jury substantially in the terms of ORS 136.400 and then stated that the jury "may and should" take into consideration defendant's intoxication, if it finds he was intoxicated, in determining the intent with which he committed the act. The court had already

fully and repeatedly instructed that one of the elements the jury must find beyond a reasonable doubt in order to convict was the defendant's "intent, purpose and design to commit larceny" in the building.

Defendant contends that when the first part of ORS 136.400 is used in an instruction it "is confusing and apt to mislead the jury to believe that intoxication has no relevance to criminal conduct." Thus, he contends that part of it should not have been included in the challenged instruction. Defendant cites to us *People v. Spencer*, 60 Cal2d 64, 31 Cal Rptr 782, 383 P2d 134 (1963), cert den 377 US 1007 (1964); *People v. Deatherage*, 249 Cal App2d 363, 57 Cal Rptr 501 (1967); and *People v. Graves*, 70 Cal Rptr 509 (Ct App 1st D 1968), all of which indicate that in a California trial for a crime involving specific intent, parts of instructions to the effect that intoxication does not excuse crime are confusing and misleading and should not be given. However, in *People v. Dabney*, 260 Cal App 2d 786, 67 Cal Rptr 455 (1968), a specific intent case (burglary), the trial court gave an instruction similar to that challenged here. The court in *Dabney* held that other instructions given by the trial court made it clear that intent was an element the state must prove, and intoxication, if proved, could make the defendant incapable of the requisite intent. Therefore, the jury could not have been misled and the conviction was affirmed.

Instructions based on the whole of ORS 136.400 have frequently been given in Oregon trial courts and approved where challenged on grounds other than that urged here. *State v. Roisland*, 1 Or App 68, 459 P2d 555 (1969); *State v. Abel*, 241 Or 465, 406 P2d 902 (1965); *State v. Morris*, 83 Or 429, 163 P 567 (1917); *State v. Trapp*, 56 Or 588, 109 P

1094 (1910); and *State of Oregon v. Zorn*, 22 Or 591, 30 P 317 (1892).

■ In *State v. Jensen*, 209 Or 239, 289 P2d 687, 296 P2d 618, appeal dismissed 352 US 948 (1956), at 268 et seq., the court alluded to ORS 136.400. It observed that the state, in a specific intent case, must allege and prove intent, that voluntary intoxication may be shown as negating the capacity to entertain such intent, and, in Oregon, the subject is governed by the statute. In a case where the evidence warrants it and the trial judge has already clearly instructed as to the necessity for proof of intent, we do not think it is misleading, and we hold that it is not error to use the first part, along with the rest of ORS 136.400, in an instruction. We find no error in the case at bar.

Affirmed.