Argued March 29, affirmed April 23, petition for rehearing denied
May 17, petition for review denied July 3, 1973

STATE OF OREGON, *Respondent, v.* JERRY
GLENN OLIVER (No. C-72-02-0358 Cr), *Appellant.*
509 P2d 41

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

Defendant was found guilty by jury verdict of two counts of murder. ORS 163.115 (1)(a). On appeal he contends the trial court erred in not instructing the jury on the elements of manslaughter as a lesser included offense. This contention is based on the premises that there was substantial evidence that defendant was intoxicated at the time the homicides were committed, and that intoxication can reduce what would otherwise be murder to manslaughter.

The state's evidence included references to de-

fendant and the two victims having consumed a quantity of alcohol over about a ten-hour period before the victims were slain. It was the state's theory that defendant had a propensity to become violent after drinking, and that defendant had been involved in an argument with at least one of the victims that ended when defendant committed the murders.

Defendant took the stand in his own behalf. He denied committing the murders. He also testified:

"I wasn't intoxicated, I'd been drinking on and off that day [the day the murders were committed]."

While at one point defendant did testify he drank about "a pint of whiskey and four or five bottles of beer" the day of the murders, generally his testimony was vague as to the quantity of alcoholic beverages consumed and the specific time period during which they were consumed.

With the agreement of counsel, the trial judge instructed the jury *before* closing arguments. In these preargument instructions the trial judge defined the elements of the crime charged, murder, with particular reference to the allegations of the indictment against defendant. No exceptions were taken to the preargument instructions. After closing arguments the trial court gave the usual statutory instructions and described the verdict forms. Then the following occurred:

"THE COURT: Exceptions?

"* * * [DEFENSE COUNSEL]: No instruction on lesser included manslaughter, Your Honor. I admit I—I admit that I did not put in my request but I was working under the assumption it was always given.

"* * * [DISTRICT ATTORNEY]: I don't

think it's appropriate, defendant's denied committing the act.

"* * * [DEFENSE COUNSEL]: There's evidence however brought out by both the prosecution and the defense of moderate to extreme intoxication, Your Honor, which could modify it.

"* * * [DISTRICT ATTORNEY]: I object to manslaughter.

"* * * [DEFENSE COUNSEL]: I except to it.

"* * * [DISTRICT ATTORNEY]: I didn't argue it, hasn't been requested.

"THE COURT: Exception allowed * * *."

Under the statutes in effect before adoption of the new criminal code in 1971 it had been held that proof of intoxication could negate the "premeditated malice" element of first degree murder (former ORS 163.010), and in such a situation a defendant could only be convicted of one of the lesser degrees of homicide not requiring proof of a specific intent. *State v. Braley,* 224 Or 1, 355 P2d 467 (1960); *see generally, State v. Martinka,* 2 Or App 499, 468 P2d 903, Sup Ct *review denied* (1970), *cert denied* 406 US 973 (1972); *State v. Roisland,* 1 Or App 68, 459 P2d 555 (1969); Annotation, 8 ALR3d 1236 (1966). Is this still the rule under the new criminal code?

ORS 161.125 (1), enacted by the legislature in 1971, Oregon Laws 1971, ch 743, § 11, p 1879, as part of the new criminal code, provides:

"Voluntary intoxication is not, as such, a defense to a criminal charge, but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged."

The Criminal Law Revision Commission states that ORS 161.125 (1) "substantially reenacts \* \* \* [former] ORS 136.400." Proposed Oregon Criminal Code, § 11, p 9. Former ORS 136.400 was the basis of the holding in *State v. Braley,* supra, that intoxication could prevent a defendant from forming the specific intent necessary to commit first degree murder.

◼ While the statutory rule concerning intoxication thus seems to continue to be the same as it was before adoption of the new code, the definitions of the homicide offenses are considerably different. Following the statutory language of ORS 163.005 (1)[1] and ORS 163.115 (1)(a),[2] the indictment charged defendant with having *"intentionally* cause[d] the death of" the two victims. (Emphasis supplied.) As used in the statutes and indictment, intentionally "means that a person acts with a conscious objective to cause the result or to engage in the [prohibited] conduct \* \* \*." ORS 161.085 (7). It thus appears that a murder charge under ORS 163.115 (1)(a) requires proof of a specific intent. It further appears that under ORS 161.125 (1) proof of intoxication might negate the specific intent element of murder under ORS 163.115 (1)(a).

◼ However, we need not here decide this issue. Even proceeding on the assumption that intoxication may be a partial defense to murder, in this case, for

---

[1] ORS 163.005 (1) provides:

"A person commits criminal homicide if, without justification or excuse, he intentionally, knowingly, recklessly or with criminal negligence causes the death of another human being."

[2] ORS 163.115 (1)(a) provides:

"Except as provided in ORS 163.125, criminal homicide constitutes murder when:

"(a) It is committed intentionally \* \* \*."

several reasons, the trial court did not commit error by not giving a manslaughter instruction.

■ (1) Defense counsel did not request a manslaughter instruction. "* * * Consideration of orderly procedure and of fairness to the state and the trial judge suggest that the matter be brought to the attention of the judge and of opposing counsel before the commencement of the charge * * *." *State of Oregon v. Nodine,* 198 Or 679, 687, 259 P2d 1056 (1953). In the absence of a timely request, failure to give a jury instruction does not ordinarily constitute reversible error. *State v. Bias,* 248 Or 24, 432 P2d 312 (1967); *State v. Abel,* 241 Or 465, 406 P2d 902 (1965); *State v. Murray,* 238 Or 567, 395 P2d 780 (1964); *State v. Ellis,* 232 Or 70, 374 P2d 461 (1962); *State of Oregon v. Gray,* 212 Or 175, 318 P2d 570 (1957); *State v. Miller,* 2 Or App 353, 467 P2d 683, Sup Ct *review denied* (1970); *State v. Hanna,* 1 Or App 439, 463 P2d 605 (1970).

■ (2) In the absence of a request for a specific instruction, the failure to give the instruction is sometimes reviewed in exceptional circumstances if a timely objection under ORS 17.510 was made. *State of Oregon v. Nodine,* supra. We doubt that defendant's objection to the failure to instruct on manslaughter was timely in this case. As noted above, the trial judge instructed the jury on the substantive elements of the crime charged before counsels' closing arguments. The proper time to except to the failure to include a manslaughter instruction would have been at the end of these initial instructions. Then if the trial judge did decide to give a manslaughter instruction both counsel could frame their closing arguments accordingly. Instead, defendant made no objection until after closing

arguments and the court's final instructions. In the absence of any explanation for a failure to raise the matter sooner, we believe defendant's objection was untimely. *Cf., State of Oregon v. Davis,* 194 Or 248, 241 P2d 869 (1952).

■ (3) Defendant denied committing the murders. This line of defense is mutually exclusive with a claim that he committed the acts while so intoxicated that he could not form a specific intent. Although defendant may well be able to present such alternative theories in his defense, the somewhat unusual and mutually exclusive nature of these two theories underscores the importance of properly bringing them to the attention of the trial court and opposing counsel by way of a requested instruction or, at least, an objection to the instruction at the first available opportunity.

(4) Defendant denied he was intoxicated on the day of the murders. Although there was evidence that defendant had been drinking, without more specific information as to amount, time and effect, that evidence was insufficient to raise an issue of intoxication under ORS 161.125 (1). "Plainly, before the instructions speak of intoxication the record should indicate that the defendant was intoxicated." *State v. Commedore,* 237 Or 348, 354, 391 P2d 605 (1964) ; *see also, State v. Bonner,* 241 Or 404, 406 P2d 160 (1965) ; *State v. Hood,* 225 Or 40, 356 P2d 1100 (1960).

Affirmed.