Argued February 6, reversed and remanded September 6, 1974

## STATE OF OREGON, *Respondent, v.*
## LEROY ATKINS, *Petitioner.*

### 525 P2d 1018

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General.

McALLISTER, J.

The defendant, Leroy Atkins, was convicted by

a jury of burglary in the second degree[1] and was sentenced to prison for five years. The Court of Appeals affirmed and we granted review. The only question raised by defendant is whether the trial court erred in failing to give his requested instruction on the lesser included offense of criminal trespass in the second degree.[2]

There was ample proof that a large quantity of copper wire was stolen from the premises of the City Water and Light Department in McMinnville shortly after midnight on September 22, 1972 by two men who backed a white Rambler automobile close to the premises, made a number of trips onto the premises through a hole in the fence and carried numerous rolls of wire out to the car and piled them in the back seat and trunk.

Although defendant was not positively identified as one of the burglars, a woman who witnessed the burglary testified that defendant was the same size and build as one of the burglars. Later during the same night defendant was apprehended in Newberg while driving a car like the one used in the burglary which at the time of the arrest was heavily loaded with rolls of copper wire. The car belonged to a man who was riding in the car with defendant. Defendant was arrested on a charge of driving without an operator's

[1] ORS 164.215:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

[2] ORS 164.245:

"(1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises.

"(2) Criminal trespass in the second degree is a Class C misdemeanor."

license. Later in the day the police learned that the wire in the car had been stolen in McMinnville.

The defendant concedes that there was evidence to support his conviction of second degree burglary. He contends, however, that there was evidence from which the jury could have found that he had no intent to steal and was only guilty of criminal trespass in the second degree. Defendant testified that he had started to drink during the morning of September 21, that he continued to drink during the day and that in the latter hours of the day he was drunk and had no recollection of entering the Water and Light premises in McMinnville or stealing any wire therefrom.

The controlling rule is stated in *State v. Wilson,* 182 Or 681, 684, 189 P2d 403 (1948) as follows:

> "It is a well-established rule that the court, when requested by defendant, must in its instructions cover every degree of homicide included in the indictment where the evidence and circumstances are such that different inferences or conclusions may properly be drawn therefrom as to the degree. And where the evidence is sufficient to raise a doubt, however slight, as to whether the homicide is one of two or more degrees, the court must charge on all such degrees. [Citing authorities.] * * *"

We think the jury, if it believed defendant's testimony as to the degree of his intoxication, could have concluded that defendant knowingly entered the premises but that when he did so he did not intend to commit a crime therein. We note that the trial judge was sufficiently impressed by the evidence of intoxication that he gave the jury the standard instruction as to the bearing of intoxication on criminal intent, which instruction read in part as follows:

> "* * * If you find that this defendant Leroy

Atkins was so intoxicated at the time of the alleged crime as to render him unconscious of what he was doing and, thus, incapable of controlling his will and forming the requisite intent to commit the crime of theft, then such intoxication would be a defense, and you should find the defendant not guilty. * * *"

We think the trial judge should have followed through and instructed the jury as requested by the defendant that it could find defendant guilty of criminal trespass in the second degree. The probability that the jury believed defendant's testimony about the extent of his intoxication may be slight, but, nevertheless, the defendant was entitled to have the jury instructed on the lesser included offense and the court erred in failing to give his requested instruction.

The state, on oral argument in this court, in response to a question from the bench, conceded that if the trial court erred in failing to give the requested instruction the state could not appropriately contend "that the error would be harmless."

The judgment is reversed and the case remanded for a new trial.