Argued January 17, affirmed February 10, reconsideration denied
March 19, petition for review allowed April 15, 1975

# STATE OF OREGON (No. C 74-02-0488 Cr),
## *Respondent, v.*
# BILLY WALKER WASHINGTON, *Appellant.*
### 531 P2d 743

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

The broad issue in this case concerns the method whereby trial courts should determine whether they can instruct a jury on the elements of a crime other than that charged in an indictment. The narrow issue is whether, as defendant claims, the trial court could and should have instructed on the elements of theft at the conclusion of his burglary trial.

Defendant was charged with first degree burglary. ORS 164.225. There was evidence that during the afternoon of February 14, 1974 defendant stole house keys from Robert Redfern; that an hour or so later Redfern's daughter, Judith DeVine, returned to the family home and found the door ajar; that DeVine entered the house and was attacked by a man; and that her purse was taken at that time. Later that evening police stopped defendant's car because it matched the description—bronze Pontiac with Iowa license plates—of a car DeVine had seen idling in front of

her house just before she entered and was attacked. The officers found a purse under the seat. DeVine later identified the purse and its contents as her property.

Defendant told police the following story of the day's events. Defendant drove Redfern and Nathaniel Johnson to Redfern's place of employment to obtain money to buy drinks. Defendant remained in the car while Redfern and Johnson went in. Johnson returned alone claiming Redfern had decided to stay. Johnson then asked defendant to drive to what proved to be Redfern's home address, which defendant did. Johnson entered the house and returned carrying a purse. Johnson later left the purse in the car, asking defendant to dispose of it.

Defendant requested the trial court to instruct the jury that it could "also consider the lesser included offense of Theft in the Second Degree by Receiving." The trial court did not do so, instructing only on the elements of the crime charged—first degree burglary. The jury found defendant guilty, and he appeals from the resulting judgment.

Defendant argues that the evidence offered at trial —such as DeVine's inability to identify him as her assailant and defendant's story about receiving the purse from Johnson—if believed by the jury would have led it to reasonably conclude that defendant committed theft by receiving the purse from Johnson but did not enter the burglarized residence and, therefore, did not commit burglary. Defendant's argument thus focuses only on the evidence offered at trial, rather than the statutory definitions of the elements of the crimes in question or the specifics of the indict-

ment in this case. This argument confuses two analytically distinct questions: (I) when *should* a trial court instruct on offenses other than that charged in an indictment; and (II) what offenses, other than that charged, *can* a trial court describe to the jury.

## I

■ *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974), and *State v. Atkins,* 269 Or 481, 525 P2d 1018 (1974), hold that a trial court should instruct on other offenses when such instruction is supported by the evidence. However, in both *Williams* and *Atkins* it was conceded that the requested instruction regarding another offense *could* properly have been given; the only question was whether it *should* have been given based on the evidence. It would thus be a mistake to read *Williams* and *Atkins,* as defendant apparently does, for the proposition that a trial court can instruct on any offenses arguably committed by the defendant that are disclosed by the evidence.

The facts of *State v. Hammang,* 19 Or App 265, 527 P2d 137, Sup Ct *review denied* (1974), illustrate our point. In that case there was evidence that defendant had stolen some guns and later participated in a homicide. If he had been prosecuted only for murder, and evidence about having stolen guns had been admitted in the murder trial, it does not necessarily follow that the court could instruct the jury on the elements of theft, even though that offense may have been disclosed by the evidence.

## II

The authority of a court to instruct a jury on the elements of crimes other than charged in an indictment usually depends upon lesser-included- and neces-

sarily-included-offense analysis. There are two relevant statutes:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof." ORS 136.460.

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

The real problem in this case boils down to determining what can be considered in deciding whether an offense is lesser included or necessarily included in that charged: the statutes defining the offenses and/or the indictment and/or the evidence at trial.

It has been pointed out that there is a technical distinction between "lesser included" and "necessarily included" offenses, but that courts generally use these terms interchangeably. *Olais-Castro v. United States,* 416 F2d 1155, 11 ALR Fed 165 (9th Cir 1969). Thus, it has been suggested that "necessarily-included" offense "denotes a relationship which always exists between two offense categories * * * regardless of the facts of a particular case," while what is a "lesser-included" offense "depends upon particular facts." 8 Moore's Federal Practice, § 31.03 (2d ed 1969).

■ Under the above analysis, in order to determine if an offense is "necessarily included," a court should limit itself to an analysis of the relationship between the two offense categories, i.e., the statutory definitions of the offenses. For example, first degree burglary, ORS 164.225, is defined as consisting of the acts

that constitute second degree burglary, ORS 164.215, plus additional aggravating acts. Thus, second degree burglary is, under the statutes, always a necessarily included offense in a charge of first degree burglary. As another example, the various degrees of robbery, ORS 164.395 to 164.415, would appear to be combinations of the crime of theft, ORS 164.045, 164.055, and the various degrees of assault and related offenses. ORS 163.165 to 163.190. Thus, in a robbery case both theft and some degree of assault might well always be, under the statutes, necessarily included offenses.

■ Continuing the above analysis, determining whether an offense is "lesser included" presents alternative possible approaches. It has been broadly stated that this can depend on "particular facts," 8 Moore's Federal Practice, supra, but does this mean that the indictment sets the parameters of those offenses which are lesser included, as argued by the state, or that just the evidence can make an offense lesser included, as implicitly argued by defendant? We believe the better rule is, and hold, that when determining whether an offense is lesser included the court's consideration should be limited to the statutory definition of the offenses and the indictment in the particular case. Our conclusion rests primarily on the problem of notice to a criminal defendant of the charges he must be prepared to meet. Reading the relevant statutes furnishes notice of charges that are included. Reading the relevant statutes together with the indictment furnishes notice of the charges that are included in the particular case. Permitting instructions on other offenses, even if there is evidence at trial that they were committed, runs the risk that a criminal defendant

could rightfully complain that he stands convicted of an offense he was never notified he might have to defend against. As the court put it in *Kelly v. United States*, 370 F2d 227, 229 (DC Cir 1966), *cert denied* 388 US 913 (1967):

"* * * [Defendant's] right to invoke [the lesser included offense or necessarily included offense doctrines] does not extend beyond the right of the prosecutor. The right of the prosecutor is limited to the offense of which defendant has been given notice by the indictment and the defendant is not subject to conviction for other offenses because of the nature of the proof. What is controlling is the offense charged in the indictment, not the offense established by the trial proof, whether it is the prosecutor or defendant who is seeking extension from the offense charged to another offense as 'necessarily included.'"

■ Turning to the facts at bar, our holding compels the conclusion that the trial court could not have instructed the jury on the elements of theft at the conclusion of defendant's burglary trial. Under the statutes, the gravamen of burglary is to enter or remain unlawfully in a building with the intent to commit a crime therein. ORS 164.215; 164.225. Nothing in the statutes puts defendant on notice he might be found guilty of theft. The indictment in this case reads:

"* * * * * *

"The said defendant, on or about February 14, 1974, in the County of Multnomah, State of Oregon, did knowingly and unlawfully enter a building, to-wit: a dwelling, located at 5526 Northeast 38th, Portland, in the County and State aforesaid, with the intent to commit the crime of theft therein, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"* * * * *"

Nothing in this indictment puts defendant on notice that he might be convicted of the crime of theft. *Cf., State v. Ryan,* 15 Or 572, 16 P 417 (1888).

Affirmed.