Argued June 2, affirmed December 26, 1975

STATE OF OREGON, *Respondent, v.*
ROCKY NYE, *Petitioner.*

543 P2d 1041

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

HOWELL, J.

This is a petition to review the decision of the Court of Appeals in *State v. Nye,* 20 Or App 454, 532 P2d 42 (1975), which affirmed a conviction of the crime of burglary in the first degree. At trial, the defendant had requested a jury instruction on the crime of sexual abuse.[①] The trial court denied his request, and the Court of Appeals affirmed from the bench. We granted the petition for review in this case, together with that in the companion case, *State v. Washington,* 20 Or App 350, 531 P2d 743 (1975), to reexamine the lesser included offense doctrine in Oregon. We affirm on the basis of *State v. Washington,* decided this date.

The facts are as follows. Mrs. Swart, the complaining witness, testified that she awoke in the early morning of July 9, 1974, to find the defendant in her bedroom. According to her testimony, he spoke to her by name, asked her to perform a sex act, and proceeded to touch her under her nightgown. She testified that she resisted his advances and eventually persuaded him to leave. She also stated that several times during the incident defendant told her that he was in the wrong house and was supposed to be some-

---

[①] ORS 163.415. "(1) A person commits the crime of sexual abuse in second degree if he subjects another person to sexual conduct; and

"(a) The victim does not consent to the sexual contact * * *.

"* * * * * *.

"(3) Sexual abuse in the second degree is a Class A misdemeanor."

ORS 163.305. "* * * (7) 'Sexual contact' means any touching of the sexual or other intimate parts of a person not married to the actor or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

where else. However, he would not tell her where he was supposed to be.

Defendant denied having been in Mrs. Swart's house on the morning of July 9, or at any other time. In explaining his activities, he said that he had spent the bulk of his time on the previous night drinking beer with friends.

Defendant was arrested later in the same day and was charged under the following information:

### "INFORMATION

"The above named Defendant is accused by the District Attorney of Deschutes County, Oregon, by this information of the offense of BURGLARY IN THE FIRST DEGREE committed as follows:

"That the said Defendant on or about the 9th day of July 1974 in the said County of Deschutes and the State of Oregon, then and there being, did unlawfully and knowingly enter a building, to-wit: a dwelling, located at Jefferson and Cedar Streets, Box 326, Sisters, with the intent to commit the offense of Sexual Abuse in the Second Degree. * * *"

On the basis of Mrs. Swart's testimony, defendant argues that the jury could have concluded that he had originally entered Mrs. Swart's home by mistake and, therefore, was innocent of the burglary charge but was guilty of sexual abuse. His position is that, since there was evidence to support such a verdict, the trial court's refusal to so instruct the jury was reversible error. The case of *State v. Washington,* supra, disposes of defendant's contention.

■■ The crime of sexual abuse is not a lesser included offense to the crime charged—burglary—under either of the traditional approaches to the lesser included offense problem. Sexual abuse is not neces-

sarily included in the statutory definition of burglary. Nor was the defendant charged in the information with having committed sexual abuse. Thus, under our statutes, ORS 136.460 and ORS 136.465, there was no basis for a jury instruction on that offense.

Affirmed.

O'CONNELL, C. J., dissenting.

I dissent for the reasons stated in my dissent in *State v. Washington*. There was sufficient evidence offered at the trial to justify a conclusion by the jury that defendant entered the victim's trailer without an intent to commit a crime of any kind, but that after he entered the trailer he formed the intent to commit and committed the crime of sexual abuse. Why should the jury be precluded from reaching this conclusion if it chooses to do so? The majority opinion's answer is that the jury is not permitted to consider the lesser offense because it is not a *lesser-included* offense. If the state had charged defendant with the crime of rape, he would have been entitled to the instruction requested in the present case because sexual abuse is a lesser-included offense within the crime of rape. Thus, under the rule employed by the majority, the happenstance of the prosecutor's choice in charging the defendant determines the defendant's right to the submission of an issue not charged by the state and also determines whether the jury will be permitted to consider the lesser offense. A rule which produces such a result should not be perpetuated.

HOLMAN, J., joins in this dissent.