THORNTON, J.
Defendant appeals from his conviction by a jury of first degree rape and kidnapping in the second degree. ORS 163.375 and 163.225.
The victim, a 22-year-old woman, testified that two men, defendant and Dennis Kiser, picked her up shortly before 2 a.m. while she was hitchhiking to her home. She had previously known Kiser but was not acquainted with defendant. Instead of taking her home, the two men drove her to a secluded beach area where she was raped first by defendant and then by Kiser.[1] Subsequent to the rapes, the victim managed to escape and was picked up by a motorist who took her to a nearby motel and called the police. When a policeman arrived, the victim related the details of the incident, identifying Kiser as one of her assailants and giving a general description of the defendant. This information was broadcast to other officers. Approximately two and one-half hours after the rape was reported, the defendant was stopped by the police some three to seven miles from the scene of the crime. After being informed that the police were detaining a suspect fitting her description of him, the victim was taken to the location where the defendant had been stopped and immediately identified him as one of her assailants. When questioned further by the police, the victim stated, "I am pretty sure it is him.” As defendant was being returned to a police car, a policeman grabbed defendant’s hair causing him to yell. Upon hearing the defendant’s voice, the victim informed police that she was sure of her identification.
Defendant assigns as error the trial court’s denial of his motion to suppress evidence of the victim’s identification at the showup some three hours after the crime.
 The test of the admissibility of such an identification is whether under the totality of the circumstances *[428] it is reliable, even if the identification procedure is suggestive. Stovall v. Denno, 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967); Neil v. Biggers, 409 US 188, 93 S Ct 375, 34 L Ed 2d 401 (1972); Manson v. Brathwaite, 432 US 98, 97 S Ct 2243, 53 L Ed 2d 140 (1977). Weighing the factors for testing reliability set forth in Biggers[2] we conclude that the pretrial identification in this case was reliable and evidence thereof was properly admitted at trial.
Defendant contends that the trial court erred in permitting a police officer to testify as to the victim’s statements of identification made at the showup. Even assuming that the testimony was hearsay, it was not prejudicial to the defendant because the victim under direct and cross-examination had already testified to the same effect as to what had been said at the scene. State v. Tidyman, 30 Or App 537, 568 P2d 666 (1977). See also, State v. Randolph, 251 Or 45,47,444 P2d 545 (1968).
Defendant also contends that he was improperly precluded from cross-examining the victim concerning her drinking prior to the rape. Defense counsel asked the following question: "* * * [Ijsn’t it true that you also had two beers to drink on board a British ship earlier that evening?”
The trial court sustained the state’s objection to the question on the ground that the reference to the location of the drinking was a first step in an attempt to attack the victim’s character in violation of ORS 163.475. [3] Even assuming that the court erred in *[429] excluding the reference, it was not prejudicial because the court was willing to permit the defendant to make a limited inquiry into the victim’s drinking for the purpose of casting doubt on her ability to observe and recall the events of that night. The defendant failed to do so.
Finally, defendant’s contention that the trial court erred in failing to give a requested instruction on sexual abuse in the first degree cannot be sustained. The applicable rule relative to lesser included offense instructions was stated in State v. Washington, 273 Or 829, 543 P2d 1058 (1975), as follows:
"The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater. See State v. Williams, 270 Or 152, 526 P2d 1384 (1974), and cases cited therein.” 273 Or at 836.
The victim’s testimony was unequivocal and uncontradicted that penetration had occurred. Defendant offered no evidence. His cross-examination was oriented chiefly towards casting doubt upon the victim’s, identification of the defendant, a theory that is inconsistent with the requested instruction. See, State v. Coffin, 29 Or App 819, 565 P2d 391, Sup Ct review denied (1977). The only evidence defendant points to in support of a lesser included instruction is the following: that the victim offered slight resistance; that she was wearing a tampon; that she had only a brief opportunity to observe defendant; that there was unidentified seminal fluid in the victim’s vagina; and that her mind went blank briefly sometime during the second rape by defendant’s confederate. We do not see how any of the foregoing supports a claim for a lesser included instruction in view of defendant’s theory of misidentification.
*[430] The facts clearly establish that the only disputed issue in the case was whether the defendant or some other man had raped the victim. Therefore a jury could not rationally and consistently find the defendant guilty of sexual abuse and not guilty of rape.
Affirmed.

 Kiser was tried and convicted first. See, State v. Kiser, 31 Or App 29, 569 P2d 681 (1977).

In Neil v. Biggers, 409 US 188, 93 S Ct 375, 34 L Ed 2d 401 (1972), the Supreme Court set forth the following factors to consider in evaluating the reliability of an out-of-court identification: (1) the opportunity of witness to view the criminal at the time of the crime; (2) the attentiveness of the witness; (3) the accuracy of the witness’ prior description of the criminal; (4) the witness’ level of certainty in identification; and (5) the length of time between the crime and the confrontation. 409 US at 199.

 ORS 163.475 prohibits the introduction of evidence of the sex-crime complainant’s prior sexual conduct in prosecutions for certain sex offenses. But see, State v. Jalo, 27 Or App 845, 557 P2d 1359 (1976), Sup Ct review denied (1977).