Argued October 24, 1977, reversed and remanded for new trial
January 23, reconsideration denied March 8, review denied June 27, 1978

## STATE OF OREGON, *Respondent,*
## *v.*
## DAVID LEE THAYER, *Appellant.*
### (No. C 76-11-16358, CA 8120)
573 P2d 758

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction by a jury of murder, ORS 163.115(1)(a), and assigns as error the trial court's failure to give requested instructions on manslaughter and criminally negligent homicide, and the court's refusal to permit defendant to impeach a state's witness by introducing evidence that the witness had lied on a previous occasion.

ORS 136.460 provides:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

ORS 136.465 provides:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

To be a "lesser included" offense under these statutes, the offense which a party wishes to be submitted to the trier of fact must be either included within the statutory definition of the principal offense or actually alleged in the charging instrument. *State v. Nye,* 273 Or 825, 827-28, 543 P2d 1041 (1975). If either of these tests are met, then:

> "The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater. * * *" *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975).

Here, manslaughter in the first and second degree and criminally negligent homicide are statutorily subsumed in the offense of murder, and murder is the principal offense of which defendant was convicted.

*See* ORS 163.005; 163.115; 163.118; 163.125; 163.145. Thus, the sole question remaining is whether there was evidence which warranted the giving of the lesser included instructions requested by defendant.

■ There is much evidence in the record that defendant had consumed a significant amount of alcohol on the afternoon and evening of the murder. If the alcohol rendered him intoxicated under ORS 161.125 the homicide might only be manslaughter in the first degree, not murder.[1] Thus, it appears that there is evidence in the record from which the jury "could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." *State v. Washington, supra* at 836.

The state contends that the requested manslaughter instruction in this case would be inconsistent with defendant's own theory of the case—that he did not commit the homicide—and that thus the trial court properly refused to instruct on manslaughter. In *State v. Washington, supra,* the Supreme Court noted:

> "Apparently the dissent would apply its suggested approach even when the evidence relied on in support of the lesser offense instruction had not been presented by the defendant but had been gleaned from the prosecution's own case by a defendant who continued to insist he was guilty of nothing. As evidenced by its application to *State v. Nye* [273 Or 825, 543 P2d 1041 (1975)], the dissent's approach would allow defendants to argue insanity or an alibi as a complete defense, while at the same time sifting the state's evidence for facts sufficient to support any inference running contrary to the prosecution's case on one or more elements of the offense

---

[1] Defendant's requested instruction on criminally negligent homicide—causing a death by criminal negligence—was properly rejected. The evidence showed that the victim had been stabbed more than 50 times. Stabbing someone more than 50 times cannot occur negligently. *See* ORS 163.145; 161.085(10). Similarly, defendant's requested instruction on manslaughter in the second degree was properly rejected: the undisputed fact of 50 stab wounds does not reasonably permit the inference that the stabbing was merely reckless without manifesting an extreme indifference to the value of human life. *See* ORS 163.125; 163.118; 161.085(9).

charged—and on that basis alone demanding instructions on one or more lesser offenses. Defendants would then have little to lose in requesting instructions on other crimes based on inferences which might be drawn from portions of the state's evidence. If they were allowed to demand lesser offense instructions on the basis of such evidence, defendants would have little incentive to come forward with evidence of their own as to the actual events which took place and, therefore, would be free to argue a fictitious alibi or other complete defense at the same time." 273 Or at 841.

Arguably, the import of this dicta in *Washington* is that a defendant may not request a lesser included instruction when the evidence on which the instruction is founded was presented in the prosecution's case and when the defendant is maintaining his innocence of any crime. However, such an interpretation appears to be inconsistent with the holding of *Washington,* 273 Or at 836, that a defendant may request a lesser included instruction when there is "evidence, or an inference which can be drawn from the evidence, which supports the requested instruction." The discussion in *Washington* did not pertain to crimes such as homicide where state of mind is crucial to determining the degree of the offense. Whether the language in question is inapplicable in connection with certain other crimes we need not here consider. Here the state's own evidence permitted competing inferences as to state of mind. Where state of mind is the sole distinguishing element in the degrees of an offense, the jury should be allowed to decide what defendant's state of mind was so long as there is evidence indicating more than one state of mind and even though the defendant's evidence is entirely exculpatory.

■ There is language in *State v. Coffin,* 29 Or App 819, 565 P2d 391, *rev den* (1977), and *State v. Engblom,* 31 Or App 425, 570 P2d 678, *rev den* (1977), and also in the other cases cited in the dissenting opinion, to the effect that a defendant may not request an instruction on any lesser included offense when his main argument is that he did not commit the crime. To the extent

that such language is inconsistent with this opinion, it is hereby disapproved.

■ Defendant also contends that the trial court improperly refused to permit him to impeach a state's witness by introducing evidence that the witness had lied on a previous occasion about a collateral matter. As the issue is likely to be raised on retrial, we resolve it now. The trial court's ruling was correct. ORS 45.600.[2]

Reversed and remanded for new trial.

**THORNTON, J.,** dissenting in part.

The issue presented is whether the trial judge committed reversible error in refusing to instruct on the lesser included offense of manslaughter.

Defendant pleaded not guilty to murder. At trial his theory of the case was that he did not commit the crime. He testified that he had not committed the murder and that he was not intoxicated. Was he nevertheless, because of other evidence of his possible intoxication, entitled to a lesser included offense instruction on manslaughter? I think not, based upon my reading of the decisions discussed below.

In *State v. Atkins,* 14 Or App 603, 513 P2d 1191 (1973), *rev'd on other grounds* 269 Or 481, 525 P2d 1018 (1974), a similar question arose. We held that even if second degree criminal trespass was a lesser included offense of second degree burglary, defendant was not entitled to an instruction on second degree criminal trespass where he testified that he had been in a tavern at the time the state's evidence sought to

---

[2]ORS 45.600 provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

show he was stealing the wire from a warehouse. In rejecting defendant's argument we stated:

> "Defendant contends his testimony as to his intoxication, if it were believed by the jury, would negate the crime of burglary because defendant would not have been capable of forming the intent to commit a crime when he entered the building. Thus, he contends, he would be guilty of criminal trespass if the jury found he entered the warehouse when he was so intoxicated that he had no intent to steal.

> "This argument is illogical. The defendant testified that he was in a tavern at the time the state's evidence sought to show he was stealing the wire. If the jury believed him it would be required to acquit him of either burglary or criminal trespass. *Cf. State v. Oliver,* 13 Or App 324, 330, 509 P2d 41, Sup Ct *review denied* (1973):

>> " 'Defendant denied committing the murders. This line of defense is mutually exclusive with a claim that he committed the acts while so intoxicated that he could not form a specific intent * * * .'

> * * * Where defendant's defense would be a defense to all lesser included charges as well as the principal crime charged, the trial court need not instruct on the lesser included offense for this reason alone. *Cf. State v. O'Berry,* 11 Or App 552, 556, 503 P2d 505 (1972), Sup Ct *review denied* (1973). * * * " 14 Or App at 606-07.

The same issue was again raised in *State v. Stoneberg,* 15 Or App 601, 517 P2d 333 (1973), where defendant was charged with second degree robbery. There we held that the refusal to give a requested instruction on lesser included offenses was not error, quoting with approval from *Atkins.* In addition we said:

> "If, as defendant contends, his entry into and his acts within the home were a 'prank,' then he could not be guilty of either the crime of robbery, which requires that it occur 'in the course of committing or attempting to commit theft', ORS 164.395(1), or of theft or attempted theft itself." 15 Or App at 605.

The same issue arose in *State v. Coffin,* 29 Or App 819, 565 P2d 391, *rev den* (1977), where defendant was charged with burglary. He pleaded not guilty. His

defense was essentially alibi. Although he did not take the stand he made a detailed exculpatory statement to the police. There we held that there was no evidence to support a lesser included offense instruction on criminal trespass and went on to point out further that the requested instruction was totally inconsistent with defendant's own theory of the case.

Similarly, in *State v. Engblom,* 31 Or App 425, 570 P2d 678, *rev den* (1977), as in *Coffin,* we said that it was not error to refuse the requested lesser included offense instruction, citing the same reasoning.

Applying the above precedents to the case at bar, I conclude that where a defendant's entire defense is mutually exclusive with the crime charged within the requested lesser included instruction, and the only evidence or inferences supporting that instruction are gleaned from the state's case, the instruction need not be given.

The most recent pronouncement by our Supreme Court on this question is *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975), which is discussed in the majority opinion.

The crux of my disagreement with the majority concerns the interpretation of the paragraph from *Washington* set out in the opinion. I interpret the paragraph from *Washington* to mean that where defendant denies the crime charged and his defense is that of alibi, mistaken identity or other exculpatory defense, the trial judge is not required to give a lesser included offense instruction.

In my view *Atkins, Stoneberg, Coffin* and *Engblom* are completely consistent with the quoted paragraph from *Washington.* The majority's conclusion is not.

For these reasons I respectfully dissent from this portion of the majority opinion.