Argued and submitted March 27, affirmed May 23, reconsideration denied August 1, petition for review denied August 28, 1990 (310 Or 281)

# STATE OF OREGON,
*Respondent,*

*v.*

# GRADY RADFORD, JR.,
*Appellant.*

## (88C-21568; CA A60499)
793 P2d 324

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals from convictions for rape in the first degree, ORS 163.375, and incest, ORS 163.525, after a jury trial. He assigns as error the trial court's refusal to instruct the jury as to the lesser included crime of sexual abuse in the first degree.[1] ORS 163.425. We affirm.

Defendant was charged with rape in the first degree and incest. During *voir dire,* his trial counsel requested certain jury instructions, but not any lesser included crime instructions. After both sides had concluded their closing arguments, he made a request that the jury be instructed on the elements of the lesser included crime of sexual abuse in the first degree. He acknowledged to the court that, as the trial progressed, he had determined that the evidence indicated that a lesser included offense instruction would be appropriate.[2] After the state objected to the request, the court denied it as untimely because the state did not have the opportunity to argue the instruction to the jury. Defendant argues that the request was timely, because it was made before the court instructed the jury, and that the state would not have been prejudiced if the court had given the instruction, because defendant's trial counsel also did not have the opportunity to argue it to the jury. The state does not dispute that a lesser included instruction would be appropriate, had it been requested in a timely manner.

In *State v. Nodine,* 198 Or 679, 259 P2d 1056 (1953), the court said:

---

[1] Defendant's remaining assignment of error does not warrant discussion.

[2] Defendant's trial counsel told the court:

"Now, in this case, just to set the record as to what happened, at the commencement of this trial and on the—the noon hour the first day, I believe, I submitted to the court my instructions. And it did not include, admittedly, the lesser included offense. By the time that occurred, we were still in the *voir dire* process, by noon on Monday, and no evidence had been received.

"As the case progressed, we felt that the evidence did show indications that a lesser included offense would be appropriate. At the conclusion of the defendant's case and when the defense rested, the court stated to counsel are you ready to argue. And both counsel did say that they were. And I at that time did not advise the court that I was seeking the lesser included offense. And it was only when I moved for a mistrial after the conclusion of the State's rebuttal argument that I brought that up to the court. I—if there is anything that erred in this procedure, it was the fact that counsel did not stand up and say so at that moment, before the case was argued, that we were seeking a lesser included offense."

"An instruction on a lesser and included offense is not given as a matter of course in every criminal case, but its propriety depends upon the state of the evidence, and it is not infrequently a matter of difficulty to determine whether the evidence is such as to justify the instruction. Considerations of orderly procedure and of fairness to the state and the trial judge suggest that the matter be brought to the attention of the judge and of opposing counsel before the commencement of the charge. It is particularly important that the request for a ruling should not be deferred until after the jury has retired, as occurred in this case. The undue emphasis that may be attached by the jury to an isolated instruction given after they have retired for their deliberations, and, upon being called back into the courtroom for that purpose alone, must be obvious to all." 198 Or at 687.

Similarly, "[c]onsiderations of orderly procedure and of fairness" require a defendant who desires a lesser included instruction to request it before the beginning of closing arguments. Both counsel ought to have the opportunity to frame their closing arguments knowing whether a lesser included instruction will be given. *See State v. Oliver,* 13 Or App 324, 329, 509 P2d 41, *rev den* (1973). We also do not find persuasive defendant's argument that, because defendant's trial counsel did not have the opportunity to argue the instruction to the jury, the state would have suffered no prejudice if the court had given it. As the state points out, "presumably a defendant requests a lesser included instruction in the hope that [the] jury will resolve a disputed issue of fact in favor of finding the defendant guilty of the lesser included offense rather than of the greater offense charged."

Defendant's trial counsel argued to the trial court that it could allow both counsel to make additional closing arguments, addressing the lesser included instruction. We note that the requested procedure is similar to the giving of an isolated instruction, because allowing both sides to reargue would have placed undue emphasis on the lesser included crime. *See State v. Nodine, supra,* 198 Or at 687.

The manner of conducting a trial must be left to the discretion of the trial court. *Thomas v. Foglio,* 231 Or 187, 191, 371 P2d 693 (1962). We hold that the court did not abuse its

discretion in ruling that defendant's request was untimely.[3] *See State v. Abel,* 241 Or 465, 473-74, 406 P2d 902 (1965) (rule of court that required request for jury instruction to be submitted before the commencement of argument was reasonable and consistent with *State v. Nodine, supra).*

Affirmed.

---

[3] ORS 136.330 provides, in relevant part:

"(1) * * * ORCP * * * 59 B. through F. and G.(1), (3), (4) and (5), apply to and regulate the conduct of the trial of criminal actions.

"(2) ORCP 59 H. applies to and regulates exceptions in criminal actions."

ORCP 59A provides, in relevant part:

"Unless otherwise requested by the trial judge on timely notice to counsel, proposed instructions shall be submitted at the commencement of the trial. Proposed instructions upon questions of law developed by the evidence, which could not be reasonably anticipated, may be submitted at any time before the court has instructed the jury."

UTCR 6.060(5) provides:

"The court shall inform the parties before argument of the instructions that it proposes to give."

ORCP 59A does not apply to criminal cases. UTCR 6.060(5) arguably applies to criminal as well as civil cases. *See* UTCR 1.010(1); UTCR ch 4 ("Proceedings in Criminal Cases"); UTCR ch 5 ("Proceedings in Civil Cases"); UTCR ch 6 ("Trials"); *but see* UTCR 6.060(1). However, we need not decide that question here. UTCR 6.060(5) is directed to the trial court, not the parties. Nonetheless, we note that its mandate is consistent with the trial court's ruling that the request for the jury instruction was untimely.