STATE OF OREGON, *Respondent,*
*v.*
DENNIS DEAN HEDRICK, *Appellant.*
(No. 32525, CA 6776)

559 P2d 1304

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction by a jury of the crime of bribing a witness. ORS 162.265. The only question raised is whether the trial judge erred in refusing to instruct on entrapment. Except as noted, there is no material conflict in the evidence.

Sometime prior to April 12, 1976, Anna King, aged 16, witnessed the rape of another girl. King was scheduled to appear before the grand jury on April 15, 1976 to testify regarding the incident. On April 14, 1976, King and the rape victim were selling tickets to a magic show and came upon an apartment rented by defendant's girl friend. Both girls entered the apartment and discussed with defendant the pending rape proceedings and the fact that they were to testify the next day. Later that same day, King and another friend, still selling tickets to the magic show, passed the apartment building where King had previously encountered defendant. Defendant, who was in the parking lot of the apartment house, called out to King, and the two again discussed the pending rape proceedings. King testified that at this time defendant stated that he had spoken with the man alleged to have committed the rape, one Albino Guardiola, and that Guardiola was willing to pay King $100 if she would not testify before the grand jury. Defendant testified to a different version of this conversation, claiming that King told him she did not intend to testify before the grand jury and that he had suggested she should at least try to "tap the dude [Guardiola] for a couple of hundred dollars."

On the evening of April 14, King returned to the apartment with an undercover police agent named McMullen who posed as King's uncle. King told defendant she had decided to accept his offer, and defendant replied that he had not talked over the proposition with Guardiola yet and that he was trying to help his friend out by offering King the money in exchange for her agreeing not to testify. McMullen

then drove defendant and King to a pay phone where defendant telephoned Guardiola. Upon emerging from the booth, defendant told McMullen and King that Guardiola was willing to pay King the money.

As noted above, defendant's sole contention on appeal is that the court erred in refusing to give an entrapment instruction requested by defendant. A requested instruction need only be given when there is some evidence which justifies the instruction. *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974). In this case, in order to warrant an instruction on entrapment, there must have been some evidence produced which showed or tended to show that defendant would not have bribed King had he not been induced to do so by McMullen and King on the evening of April 14. ORS 161.275.[1]

We find no evidence that defendant was induced to bribe King. Even accepting defendant's version of his conversation with King in the parking lot as true, defendant's predisposition to bribe King was amply revealed by his conversation with her on the evening of April 14 in which he described the reasons he was offering King the $100—a conversation which occurred before McMullen had even begun discussing the matter of the payment of money with defendant. Further, the words and actions of King and McMullen cannot reasonably be termed inducement—if anything, they only provided defendant with the opportunity to bribe King. Providing such an opportunity does not constitute entrapment. ORS 161.275(2); *State v.*

---

[1] ORS 161.275 provides:

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording the actor an opportunity to commit an offense does not constitute entrapment."

*Davis,* 14 Or App 422, 512 P2d 1366, Sup Ct *review denied,* (1973). The court properly refused to give the entrapment instruction.

Affirmed.