Argued August 22, affirmed October 30, 1978

STATE OF OREGON, *Respondent,*
*v.*
EARL LEROY MURRY, *Appellant.*
(No. 77-3540, CA 10705)
585 P2d 707

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and Stephanie A. Smythe, Deputy Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Valerie Leman, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals from his conviction after jury trial for criminal nonsupport of his minor children, for the period April 15 through June 29, 1977, on two grounds. He argues that the trial court erred in excluding as irrelevant evidence of his contributions to the household where his children lived, and in refusing to give his requested instruction on the inability of a defendant to support himself as a legal excuse for nonsupport of his minor children.

When defendant divorced the mother of the children in 1969 he was ordered to pay child support of $40 per child per month. He made payments of varying sums through May 1974, and then made no more payments until February 1978. He did, however, continue to give the children cash on their birthdays, and presents when they graduated from high school.

Ever since the divorce defendant's ex-wife and minor children have lived with defendant's father, who has provided much support for the children, such as a place to live, clothing and payment of medical bills.

Defendant made several offers of proof concerning the support of his children as follows: that defendant's father provided support because he felt he should, not because of any agreement with his son that the father was merely a conduit for the defendant's contributions; that approximately a year before the period for which nonsupport is alleged, defendant gave his father a quantity of used lumber, which his father used for various projects around his residence but not on the house itself; that defendant also stored a travel trailer and a flatbed trailer at his father's place, which his father used a little, but his ex-wife and children did not; that defendant had made a few payments, estimated at five or six hundred dollars, on a piece of property he had agreed to buy from his father in 1961; that after defendant had built a barn, which added a little more value to the property, he ceased making

payments; and that his father then resumed control of the property and entered a contract to sell it for his own account.

■ Under our statutes the fact that a child is being supported by a person other than the defendant is not a defense to a charge of criminal nonsupport. ORS 163.555(2)(a). Defendant, however, sought to introduce testimony on the above listed transactions to prove that he, as well as his father, was providing support. Since part of defendant's offer of proof was testimony of his father that there was no agreement that the father support the defendant's children and be repaid by the defendant for doing so, the trial court was correct in excluding testimony that the defendant's donations were repayments to his father.

The defendant also assigns as error the court's refusal to instruct the jury in detail, as defendant had requested, on defendant's inability to support himself as a lawful excuse for failure to support his minor children. The court gave the general instruction that

"* * * it is proper to consider the physical condition of the Defendant, his education and mental ability, his skills, his employment, and the employment available to him, whatever money and wages may have been available to him, and all other evidence which you believe indicates an ability on his part to have paid support.

"In considering whether or not the failure of the Defendant was without lawful excuse, the Defendant is not required to do the impossible. It is the duty of the father to do the best he can to support his children in the manner suitable to his station and circumstances."

The defendant requested the following instruction:

"I instruct you that under Oregon law, the obligation of the father must be measured with reference to his ability, honestly exercised, and with regard to his financial resources. You must consider all the circumstances and not to disregard the right of the husband to support himself. The Defendant must do the best he can to perform his obligations, but after doing the best he can, his earnings are insufficient to support himself, that fact

furnishes just or sufficient cause within the meaning of the statute."

Assuming, arguendo, that the court's instruction is not sufficiently specific on the subject of defendant's right to first support himself, we do not think that the trial court erred in refusing to give defendant's requested instruction. The fact that a requested instruction is correct as a matter of law does not suffice; there must be evidence in the record which places in dispute the issue addressed by the instruction. *See, State v. Williams,* 270 Or 152, 526 P2d 1384 (1974); *State v. Hedrick,* 20 Or App 503, 559 P2d 1304, *rev den* (1977). In this case the evidence does not suggest that defendant was in financial difficulty during the period in question. Evidence of defendant's finances included payroll records showing that his net monthly earnings exceeded $1,700, and that out of this amount he had to buy clothing and groceries. This does not suggest that defendant was in financial difficulty during the period in question.

Affirmed.